[No. 1444.]

THE STATE OF NEVADA, EX REL. W. J. WESTER-FIELD, STATE TREASURER, RELATOR, v. GEORGE A. TYRRELL, COUNTY TREASURER OF ORMSBY COUNTY, RESPONDENT.

1—COUNTY OFFICERS—SALARIES—LIABILITY OF STATE.—Under section 21 of the salary act of 1885, the state is liable to a county for her proportion of the salaries of the assessor, auditor and treasurer.

2—SAME—NOT REPEALED BY REVENUE ACT OF 1891, PP. 182-3.—The statute of 1885, page 85, section 21, is not repealed by the revenue act of 1891, pp. 182-3, the latter act being simply a re-enactment of the revenue act of 1865, except that it omits its provisions for liability of the state for part of certain county officers' salaries, and is not intended as a repeal of said act of 1885.

ORIGINAL PROCEEDING on petition for writ of mandate.

*Robt. M. Beatty*, Attorney-General, for Relator:

This is a proceeding to enforce the payment into the state treasury of moneys withheld by respondent, as county treasurer of Ormsby county, under a claim that said money belongs of right to Ormsby county as part of the salaries of its

assessor, auditor and treasurer legally payable by the state. The question involved is whether or not the state is in law required to pay a part of the salaries of those officers.

From 1865 to 1891 the state was by the so-called revenue act of 1865 so required (Gen. Stats., sec. 1163); but on March 23, 1891, that act was repealed wholly and by title (Stats. 1891, p. 187, sec. 154). The act of 1891 re-enacted much of the act of 1865, but did not re-enact any part of it concerning payment by the state of any portion of county officers' salaries. The revenue law as now, and since March 23, 1891, in force is silent on the subject of the state's paying any county officers' salaries unless the restriction in section 153 of the act of 1891, p. 187, be in point as inhibiting payment except as provided in that act.

From the foregoing I claim that under no general law in force since March 23, 1891, is the state responsible for any part of any salary of any county officer, and that no special act can be enforced under the constitution either as it was before or since its amendment in 1889 by the terms of which the whole people of the state by or through the revenue of the whole state are to be made to pay the salaries of any of the officers of any special or particular county. (Const., art. IV., sec. 20.)

Respondent relies on section 9 of an act of the legislature entitled "An act to regulate the compensation of officers in the county of Ormsby and to fix the fees which may be charged by them, approved March 5, 1887" (Stats. 1887, p. 130), by which it was attempted to make the state liable for portions of the salary of certain county officers of Ormsby county. This section was in effect merely a reiteration of the provisions of the general revenue law of 1865 then in force, except that the section designated the proportion of salaries upon which the state should be liable. Therefore, until the general revenue act of 1891 became law, the special act of 1887 was in reality covered by the general revenue act of 1865, and no attention was therefore paid to said section 9.

Section 9 of the special act of 1887 cannot be enforced, it being unconstitutional and void under the restriction of legislation embodied in art. IV., sec. 20.

That a general law could be made applicable on the subject cannot be better ascertained than by the fact that one,

namely, the general revenue act of 1865, was enacted and remained in full force from 1865 to 1891.

*Alexander J. McGowan*, District Attorney of Ormsby county, for Respondent:

This court, judging by the light of past decisions, will not declare an act unconstitutional that can in any way be upheld. As far as Ormsby county is concerned, she relies mainly upon the act of 1887. Ever since its adoption she has been settling with the state upon the basis set out in that law. The officers of the state have accepted the terms of that law in making their semi-annual settlements with her officers. If the act of 1887 is declared by this court to be null and void, then Ormsby county will have to take her chances along with her sister counties.

Special legislation is the creation of a special law, where a general one could be made to apply. If this be so, the intention of the legislature must be considered, and if the court arrives at the conclusion that the legislature deemed in this matter that a general law would not suffice, then the act of 1887 is not a law that can be set aside under the claim that it is special legislation. (*Eicholtz* v. *Martin Co. Clerk*, 36 Pac. 1064.)

The Attorney-General, in his oral argument, suggested that the court go into the whole matter and find out if the State of Nevada is responsible to any county for the part payment of fees of county officers under any act of the legislature. On this point section 21 of the act of March 11, 1885, provided that the state shall pay to the auditor, assessor and treasurer of each county of the state a sum which shall be in proportion of the state tax to the whole tax levied by the county. (Stats. 1885, 92). This act was in force at the time of the passage of the revenue act of 1891 and has never been repealed by implication or otherwise.

Section 153 of the revenue act of 1891 provides that, except as specified in said act, no officer shall receive to himself any other compensation than the salaries fixed by law. (Stats. 1891, 187.) Sections 136 and 137 of the revenue act of 1891 provide for the manner in which settlements shall be made with the state, and reaffirms section 21 of the act of March 11, 1885. (Stats. 1891, 182–3.)

The repealing clause of the revenue act of 1891 in no way affects nor in manner repeals any part of the act of 1885. (Stats. 1891, 187–8.) Neither does it repeal any act fixing the salaries of the county officers of any county in this state.

If this be law, and we maintain that it is, the revenue act of 1891 is in nowise affected and does not control the mode of settling with the State, as that duty is performed by the act of 1885, and if the act of 1887 is void, the general act of 1885 should be upheld as being the only mode pointed out by statute for making settlement with the State by county officers.

*The Attorney-General*, in reply:

Respondent having to some extent changed front as to his authority and legal right to retain the money in dispute, and now, for the first time, placed his reliance upon a statute not before cited or referred to in oral argument, namely, section 21 of the act of 1885, I am perforce, though unwillingly, necessitated to call attention to the exact language of said section 21. It refers and can refer only to "the revenue act" as it existed in 1885, *i. e.*, the revenue act of 1865, and the allowance in said section 21 provided for is for "salaries allowed by the act." What act? Why, the revenue act of 1865, which has already been shown to have been repealed wholly and by title. And the present revenue act of 1891 cannot be "the act" referred to in section 21, because the revenue act of 1891 makes *no provision for any salaries*. And moreover the act of 1885 is repealed by implication at least by the statute of 1891, p. 188, among "all other acts and parts of acts passed and approved prior to the year 1891" in *conflict* therewith. Therefore, the act of 1865 being repealed, and the act of 1891 making no provision for the payment by the state of any county officer's salary, section 21 of the act of 1885, relating to the revenue act of 1865, is not now, nor can it reasonably be, in force or of any effect in this proceeding.

By the Court, BIGELOW, C. J.:

Application by the relator, as state treasurer, for a writ of *mandamus* to compel the respondent, as treasurer of Ormsby county, to pay over to him the sum of $285 69, alleged to

be a part of the state's revenue, unlawfully detained by respondent. As we understand it, the respondent claims the right to retain such moneys, under sections 136, 137 of the revenue act of 1891 (Stats. 1891, pp. 182, 183), as a part of the compensation due to Ormsby county from the state on account of the salaries of the assessor, auditor, and treasurer of that county. The question presented is whether the state is liable for any part of those salaries.

It appears that the revenue act of 1865 provided for the state's paying a portion of such salaries, but that, when that act was revised and re-enacted in 1891, the sections to that effect were left out. Under these circumstances, the old act being repealed, it was supposed, upon the argument, that the liability of the state depended upon section 9 of the act of 1887 (Stats. 1887, p. 126), regulating the compensation of the officers of Ormsby county; and the constitutionality of this act was attacked, on the ground that it was local and special legislation. This was the question principally argued; but it now appears that the state's liability is equally established by section 21 of the salary act of 1885 (Stats. 1885, p. 85), the validity of which is in nowise attacked or questioned, except upon the ground that it has been repealed, by implication, by the revenue act of 1891.

We, however, find no conflict between the two acts, and consequently are of the opinion that section 21 of the act of 1885 is still in force. We are also of the opinion that, when that section provides that the sum to be allowed by the state to the various counties shall be "the proportion of the state tax to the whole tax levied by the county, on the basis of the salaries allowed by the act," it refers to the salary act of which that section is a part, and which had just fixed the salaries of county officers, instead of to the revenue act of 1865, which, so far as it fixed officers' salaries, was then impliedly repealed.

This being so, and it nowhere appearing in the pleadings, or otherwise, that the county is claiming or withholding more than is justly due her under that section, there is no necessity to determine the constitutionality of the law of 1887; as, whether valid or not, the same result would follow. If the county is retaining more, it must be made to appear in a legal manner before notice can be taken of it.

Writ denied.