Points decided.

[No. 1681.]

# WILLIAM J. BRANDON, APPELLANT, *v.* N. H. WEST, AS ADMINISTRATOR OF THE ESTATE OF B. G. CLOW, DECEASED, ET AL., RESPONDENTS.

1. APPEAL—PRESENTATION OF CAUSE—OBJECTIONS—REHEARING. A notice of appeal stated that the appeal was taken from the judgment and from an order denying the motion for a new trial. The undertaking was conditioned for the payment of costs on appeal from the judgment, and the transcript was entitled "Statement on Motion for New Trial and Appeal." Copies of all papers required by Comp. Laws, 3300, to be embodied in the judgment roll, with the exception of the summons, were contained in the transcript, and no motion was made to dismiss the appeal from the judgment because of any alleged defect therein, nor was the regularity of the appeal questioned on the presentation of the cause; the case being briefed, argued, and presented as though the appeal was regular. *Held*, that respondent was not entitled to object on an application for rehearing that there was no appeal from the judgment.

2 SAME—DISPOSITION OF CAUSE—RENDITION OF JUDGMENT. In a suit to enforce specific performance of a contract plaintiff was defeated and appealed. He prayed that the judgment be modified by directing execution of a deed to plaintiff, or, if he was not entitled to such relief, but was entitled to a deed to certain sand and the exclusive right to remove the same, that judgment be rendered on appeal accordingly. Defendants offered no evidence, but prepared findings, which were signed, negativing all allegations of the complaint with reference to a sale of the "land," which were approved. Plaintiff moved to strike out such findings relative to a sale of the sand to plaintiff, which was denied, and defendants on appeal did not deny that the evidence was sufficient to establish a sale of the sand and license to remove the same. *Held*, that defendants could not object for the first time on rehearing that plaintiff was not entitled to the direction to a degree of specific performance of the contract for the sale of the sand, but that the court, on reversing the cause, should have remanded the case for a new trial.

FITZGERALD, C. J., dissenting.

## ON MOTION TO MODIFY.

1. APPEAL—REHEARING—MOTION TO MODIFY ORDER. Where a petition for rehearing has been denied, a motion claiming error in a controlling matter of law, but which claim was not advanced in the original hearing, to set aside or modify the decision and order of the court on the petition, must be dismissed.

2. SCOPE AND EXTENT. Points or contentions not raised, or waived by silence, on the original hearing cannot be maintained or considered on petition for rehearing.

3. NUMBER OF REHEARINGS. A second application for the rehearing of a cause by the same party, after his petition for rehearing has been denied, will not be entertained.

FITZGERALD, C. J., dissenting.

PETITION for rehearing. **Denied.** Motion to set aside or modify the decision and order of the Supreme Court made on petition for rehearing. **Dismissed.** [For original opinion, see 28 Nev. 500.]

The facts sufficiently appear in the opinion.

*Mack & Farrington*, for Appellant.

*Cheney & Massey*, for Respondents:

I.   This court has inadvertently stated: "From a judgment in favor of the defendants, for their costs, and an order overruling a motion for a new trial, this appeal is taken." It is true the appellant gave notice that he would appeal from both the order overruling his motion for a new trial and the judgment, but it is equally true that he did not appeal from the judgment.   Section 336 of the practice act provides: "A copy of the judgment shall be annexed to a copy of the judgment roll, if the appeal be from the judgment; if the appeal be from an order, to a copy of the order." The record on appeal does not contain the judgment roll; does not even purport to contain it.   The clerk's certificate expressly shows what it does contain, and all that it contains, but it is not even intimated that it contains the judgment roll.   It does contain a certified copy of the order denying the motion for a new trial and constitutes a sufficient record to determine the validity of that order, but this court has no jurisdiction whatever, upon this record, to affirm, reverse, or modify the judgment entered in the lower court.   That can only be done on an appeal from the judgment.   An appeal from a judgment can only be taken by making the judgment roll in the lower court a part of the record of appeal. (Comp. Laws, 3431; *Irwin* v. *Samson*, 10 Nev. 282; *Williams* v. *Rice*, 13 Nev. 234.)

II.   Upon an appeal taken from the order denying a motion for a new trial, this court cannot review errors appearing in the judgment roll. (*Simpson* v. *Ogg*, 18 Nev. 28, 34.)   It is only "the judgment or order appealed from" that the appellate court may reverse, affirm, or modify (Comp. Laws, 3434), and the only order appealed from is the order

denying a motion for a new trial, the judgment roll having
not been made a part of the record on appeal. It may be
that there is such a conflict between the original and amended
findings as to justify the granting of a new trial (*Langan* v.
*Langan*, 89 Cal. 186). But it seems to have been consistently
held that the question whether the findings support the judg-
ment is not raised by an appeal from an order denying a
motion for a new trial. (*Kirman* v. *Honnewill*, 93 Cal. 526;
*Wheeler* v. *Bolton*, 92 Cal. 159; *Brison* v. *Brison*, 90 Cal. 323;
*Martin* v. *Matfield*, 49 Cal. 42; *Rush* v. *Casey*, 39 Cal. 339;
*Jenkins* v. *Frink*, 30 Cal. 586.)

III. The rule has heretofore been consistently followed in
this state that the action of the trial court upon questions
of fact, if supported by any evidence, will not be disturbed
upon appeal. Both parties to this action joined in their
request that the district court view the premises. If it is not
already apparent that this court has inadvertently made an
order broader than the record justified, we ask the justices.
of this court to view the premises and see the condition of
the property and its relation to the rest of the property of
this estate. It is respectfully submitted that a rehearing
should be granted, or that the order made herein should be
modified and confined to remanding this case to the district
court for a new trial.

*Cheney, Massey & Price*, for Respondents, on motion to
modify:

I. In *Winter* v. *Fulstone*, 20 Nev. 261, on petition for
rehearing a point was made for the first time, and the court,
although it denied the petition, modified the judgment in
the respect indicated and remanded it for further proceed-
ing. (*Walker* v. *Sims*, 94 N. W. 113; *Tapping* v. *Gennett*, 90
N. W. 911; *Parker* v. *State*, 33 N. E. 119.) In *Crowell* v.
*Jaqua*, 14 N. E. 559, 15 N. E. 243, the Supreme Court
of Indiana had rendered a judgment, and subsequently,
upon its own motion, set aside and reversed that judgment
and remanded it for a new trial because it had misappre-
hended the law. (*Hatsfield* v. *Chamberlain*, 21 S. E. 798;
Elliott, Appel. Proc. 550.)

By the Court, TALBOT, J.:

The respondents petition for a rehearing in this action, or a modification of the order entered therein, on the following grounds: "That no appeal was ever taken from the judgment herein; that the only appeal which was taken was from the order denying plaintiff's motion for a new trial, and the jurisdiction of this court is limited to affirming or reversing that order; and that the order entered directing judgment for plaintiff is not warranted, even had an appeal been taken from the judgment." It is contended that the record on appeal does not contain the judgment roll, and consequently that there can be no appeal from the judgment. The notice states that the appeal is from the judgment, as well as the order denying the motion for a new trial. The undertaking on appeal is conditioned for the payment of costs on appeal from the judgment. The transcript is entitled "Statement on Motion for New Trial and Appeal." Copies of all the papers required under Comp. Laws, 3300, to be embodied in the judgment roll, with the exception of the summons, are contained in the transcript. There was no motion made to dismiss the appeal from the judgment because of any alleged defect therein, nor was the sufficiency or regularity of the appeal questioned upon the presentation of the cause. The case was briefed, argued, and presented as though the appeal was entirely regular. Its sufficiency, therefore, cannot now be questioned upon petition for rehearing.

It is argued that this court, in any event, ought not to have directed that judgment be entered in favor of the appellant, upon reversal of the judgment, but that all that was proper to be done, under such circumstances, was the granting of a new trial, the rule being, "that where there is an issue upon material facts, which may possibly be decided in more than one way on another trial, there should be a new trial ordered on a reversal of the judgment." Upon the trial of this cause the respondents offered no evidence; they submitted the case upon the testimony offered by the plaintiff. The court ordered judgment in favor of defendants. Findings prepared by defendants' counsel, which negatived the allega-

tions of plaintiff's complaint that there was a sale of the land described therein, were approved by the court. Counsel for the plaintiff moved to strike out the findings so allowed, and made request for certain other findings. Upon the hearing of this motion and request, the court made, among others, the additional finding relative to the sale of the sand to the plaintiff and the right or license to remove the same, in pursuance of which finding judgment was ordered by this court to be entered in favor of appellant. Counsel for respondents, though participating in this hearing, may not have been called upon to except to this finding, if objection were had thereto; but, in any event, no objection was made or exception taken. In plaintiff's assignments of error in his statement on motion for a new trial and appeal the point is twice made that it was error in the court not to give plaintiff judgment in accordance with this finding. Counsel for appellant in their opening brief take the position that they were entitled to judgment at least to the extent of the sand and the exclusive license to remove the same, as found by the trial court. They close their brief with the following paragraph:

"Wherefore plaintiff and appellant prays that, inasmuch as all the evidence is before the court, the judgment be modified by directing the defendants to execute a deed of said property to plaintiff; and should the court find that plaintiff is not entitled to the relief prayed for in the complaint, but is entitled to the lesser relief of a deed to the sand and exclusive right to remove the same, that the judgment be modified accordingly.   * * *"

It will be seen, therefore, that whether judgment by this court should be ordered entered in favor of the plaintiff upon the findings as they stood, was squarely before the court. There was no intimation in respondents' brief that, in the event this court should conclude that the finding as to the sale of the sand was supported by the evidence and that the trial court should have given judgment to that extent in favor of the plaintiff, this court ought not to make an order directing such a judgment to be entered, instead of remand-

ing the case for a new trial.   There was no suggestion that, in the event this court agreed with the contention of appellant that judgment should have been entered in favor of the plaintiff upon the findings, that a new trial should be ordered, so that the defendants might have an opportunity to offer evidence upon the issues or that they had any evidence that might be so offered.

Counsel for respondents in the presentation of this case upon the hearing on appeal took the sole position that, under the pleadings, findings, and evidence, the appellant was entitled to no relief whatever.   Although counsel for appellant was asking that judgment be ordered entered in favor of plaintiff in accordance with the finding relative to the sale of the sand, this finding is nowhere directly attacked in respondents' brief; in fact, it is not denied that the evidence was sufficient to establish a sale of sand and a license to remove the same, although it was and is claimed that the proofs as to the limits within which the sand might be taken were too indefinite.   Under this state of facts, we think the contention, now made for the first time, that the course pursued by this court was not a proper one, also comes too late. It is the rule that no new ground or position not taken in the argument submitting the case, or question waived by silence, can be considered on petition for rehearing.   (*Powell* v. *N. C. O. Ry. Co.*, 28 Nev. 305, 82 Pac. 97; *Beck* v. *Thompson*, 22 Nev. 421, 41 Pac. 1.)

It was contended by counsel for respondents upon the presentation of this case, and is again urged in the petition for rehearing, that there was no satisfactory proof of the boundaries of the land referred to in the complaint, and within which the sand has been held to have been sold to the plaintiff.   This point was considered, although not referred to in the original opinion.   There was testimony to the effect that two of the sides, the south and the east, were laid out in the presence of B. G. Clow and the plaintiff and at Clow's direction.   Counsel in their petition now only contend "that the record on appeal, fairly considered, fails to show that the western boundary of the land claimed by appellant was ever indicated or marked by B. G. Clow."   As the land in ques-

tion is triangular in shape, the establishment of two of the sides would necessarily establish the third.

The petition for rehearing is denied.

NORCROSS, J: I concur.

FITZGERALD, C. J: I dissent.

## ON MOTION TO MODIFY.

By the Court, TALBOT, J.:

A statement of the facts and the law controlling the rights of the parties in this action is contained in the opinion of this court rendered on the merits, 28 Nev. 505, 83 Pac. 327. Subsequently respondents filed a petition for rehearing which was denied, because they were not entitled to a rehearing on matters waived or grounds not advanced by them on the first argument on appeal. After the denial of the petition for rehearing they filed a motion to set aside our decision and order directing the entry of judgment by the lower court, and they seek to sustain the motion on grounds not advanced by them on the original hearing, and they submit affidavits which do not state facts which would warrant a judgment different than we have ordered, but which pertain to matters not advanced or suggested in the first argument before us on the merits. Appellant moves to dismiss and to strike from the files this motion of respondents, for the reason that there is no statute, rule, or practice authorizing such motion, and on other grounds. To allow respondents' motion to stand and be considered would be doing indirectly and later by this motion what we had previously refused to do on the petition for rehearing, and would not only set a precedent which would render judgments uncertain and unstable after the rendition on appeal and consideration on rehearing in this court, but would unduly prolong. litigation and sweep aside the benefits and results following from the rule announced in numerous decisions in this and other courts, holding that points or contentions not raised, or passed over in silence on the original hearing, cannot be maintained or considered on petition of rehearing. This rule is equivalent to holding that matters so waived cannot be entertained

later, and good reasons exist for its enforcement. It is urged that the court will correct or modify at any time a judgment which is wrong. Where there is a clerical mistake or some error apparent on the record, it is not unusual to correct the judgment on motion. This is not a case of that kind, and we are not aware of any decision or rule of practice in any court which would warrant the modification of the judgment after the petition for rehearing has been determined, on motion claiming error in a controlling matter of law advanced by appellant and waived by the silence of respondents on the original hearing, as was done in this case. We think such practice is unwarranted, for it would render judgments on appeal unstable and tend to unduly prolong litigation.

Many of the cases holding that grounds and matters not advanced on the original hearing in this court will not be considered on petition for rehearing are cited in *Powell* v. *N. C. O. Ry.*, 28 Nev. 342, 343, 82 Pac. 97. The motion of respondents to amend the judgment is equivalent to a petition for a rehearing. (*Gray* v. *Gray*, 11 Cal. 341.) A second application for the rehearing of a cause by the same party, after his petition for rehearing has been denied, will not be entertained. (3 Cyc. 218; *Garrick* v. *Chamberlin*, 100 Ill. 476; *Smith* v. *Dennison*, 101 Ill. 657; *Bank* v. *Grunthal*, 39 Fla. 388, 22 South. 685; *Williams* v. *Conger*, 131 U. S. 390, 9 Sup. Ct. 793, 33 L. Ed. 201; *Westerfield* v. *Levis*, 43 La. Ann. 77, 9 South. 52; *Coates* v. *Cunningham*, 100 Ill. 463; *Trench* v. *Strong*, 4 Nev. 87; 3 Cent. Dig. 3214.)

The motion of respondents to set aside or modify the decision and order of this court is dismissed.

NORCROSS, J.: I concur.

FITZGERALD, C. J., dissenting:

After the order denying respondents' motion for a rehearing in this case was made, but before the remittitur thereon went down, the counsel for respondents moved the court to reconsider its order and to modify its decision on the appeal, pointing out what counsel considered such grave errors in the decision and order and disastrous consequences therefrom resulting as to justify them in making said motion;

hence two questions arise for consideration at this time: (1) Has this court power to reconsider and change its order on a petition for a rehearing when, after its decision, but before remittitur goes down, it discovers that it has fallen into grave error of fact or law, or of both fact and law? (2) If the court has this power, did it in this case fall into such error?

On the first question I think the court has this power. Until the remittitur goes down, I think this court has full and complete control over its decisions, judgments, and orders. Otherwise mere inadvertence, oversight, or mistake might work grave disaster to litigants coming before it seeking justice. It is a constitutional court of final appellate jurisdiction. There is a maxim of the law that a good judge will not unnecessarily curb and limit his jurisdiction, but he will, on the contrary, extend it to its utmost proper limits in order that he may reach justice. This court has power to make its own rules to govern its procedure and to establish its practice as it may deem to be wise and just, unless it is restrained and limited in a matter before it by its own rules previously established, or by legislative enactment, or by constitutional provisions. I know of no rule of this court, legislative enactment, or constitutional provision restraining or limiting the power of the court in this respect. In a proper case I think the court should not hesitate to exercise so salutary a power in the administration of distributive justice.

The second question is: Has the court fallen into error of sufficient gravity to warrant its exercise of this power? It seems to me that expressly in its original decisions, and impliedly in its order that counsel move to modify, the court did fall into error. It also seems to me to be, not only proper, but necessary, that the nature of those errors should be here briefly stated, so as to ascertain whether or not they be of magnitude sufficient to justify counsel in making their said motion, and the court in exercising the power in question. The errors, it seems to me, briefly stated, are as follows: (1) The original decision of this court in the case decrees a specific performance of a contract for the sale of

personal property that has no special quality of value that could. not be compensated for in damages, such as an heirloom, etc.   The personal property of which the court in this case made decree of specific performance of a sale was sand upon or in a certain piece of land.   I can see nothing peculiar in the nature of such personal property that would warrant such a decree.   If the respondents had made a breach of a contract to sell such sand to appellant, I can see no reason why money damage should not fully and adequately compensate appellant therefor.   (2) The judgment which this court orders in the case, it seems to me, bears unduly hard on respondents.   It decrees that respondents make conveyance of this sand to appellant.   But (*a*) it does not decree how much sand shall be so conveyed, to what depth below the surface of the lane in which the sand exists, if any depth, the appellant shall have the right to take the sand; and (*b*) the decree does not state what time the appellant shall have in which to remove the sand from respondents' land. Shall appellant have whatever time he chooses in which to remove the sand?   If so, then not only would respondents be under great hardship, but the public interest would suffer detriment.   For the land in question, in contradistinction to the sand thereon could never be used by either party to this action.   The appellant could not, of course, make any use of it, since the decree gives him no right to it. It is difficult to see what use the respondents could make of the land without interfering with the decreed right of the appellant to take the sand thereon.   Therefore it would seem that, under the decree of the court, the land on or in which the sand in question exists must forever remain unused, thus not only working great hardship upon respondents, but also preventing the progress of the development of the country to the detriment of the public interests.   If it be said that the appellant should have a reasonable time in which to remove the sand, then who is to judge what is reasonable time in the matter?   If appellant and respondents could not agree what time would be reasonable, then they, at the very best that could be claimed, would have to resort to litigation to determine the matter, and perhaps the respondents would

be met with the adjudicated fact, *res judicata*, that the decree of this court had given appellant all future time in which to make removal of the sand. Further, if the appellant had, under the decree, all future time in which to make removal of the sand, in my opinion a serious question arises whether this court has the power to make such a decree. Can it thus tie up land so that no one can ever use it? If appellant is entitled to only a reasonable time to make removal, should not the case go back to the trial court for the judge of that court or a jury therein, as the parties and the court at the time of trial may determine, to say what time is reasonable? I think so. The foregoing, it seems to me, are errors of this court, and they also seem to me to be of great gravity and sufficient to warrant the court in exercising the power maintained in the first question above stated.

It only remains to state what order should, in my opinion, be made in this proceeding. In my dissenting opinion, when this case was first decided in this court (see 28 Nev. 509), I stated that I thought the judgment of the trial court against the plaintiff below and appellant here should be affirmed. As the case appears upon the record filed in this court, I still think that was the correct and proper order for this court to make. The reasons for that opinion are as follows: Plaintiff sued in the court below for a specific performance of an alleged contract to convey land. The court found as a fact there was no contract to convey land, and its judgment denying a specific performance should, I then thought, and now think, have been affirmed. The court, however, did find that there was a contract between plaintiff and defendants' predecessors in interest selling to plaintiff the sand on or in a certain piece of land. But there was nothing in the record on appeal here showing that respondents had denied plaintiff's right to the sand, or that respondents had prevented plaintiff from taking the sand in accordance with the contract; hence, in that condition of things, there was nothing to be done but to affirm the judgment. At the argument on the rehearing, however, counsel for respondents admitted that, on the trial of the case in the court below, it did appear that respondents had denied plaintiff's right to take the sand,

and had also refused to permit plaintiff to take sand, although those facts did not appear in the record on appeal here. At the same time counsel for respondents expressed their willingness and consent that this court should not simply affirm the judgment of the trial court, but should reverse said judgment and order a new trial of the case in the court below.

In view of those two important facts appearing at the trial below and not appearing in the record on appeal here, and the said consent of counsel, I think this court might perhaps now properly make either one of two orders: (1) An order affirming the judgment of the trial court, thus leaving to a future action the determination of the rights of the parties should respondents in future refuse to permit plaintiff to take the sand—thus going strictly by the record before it here on appeal; and (2) reverse the judgment of the trial court, and order that a new trial of the case be had in that court. On the whole I think justice could be more likely reached in the case by the latter course, for the parties could then have their respective rights in the premises determined without the expense and trouble of a new action. The plaintiff could not reasonably and justly complain of such an order, because, in my opinion, it is more than he is entitled to under the case made by him here, and, in addition, that is what he asked of this court in his appeal to it. Respondents could not reasonably and justly complain of such an order because they have consented thereto.

It seems to me that this court should enter an order herein that the judgment of the trial court is reversed, and a new trial of the case granted. I therefore dissent from the opinion of the majority of the court on this matter.