DAVID J. BELANGER, H. M. CHILDERS AND VINCENT VRENON, INDIVIDUALLY AND DOING BUSINESS UNDER THE NAME AND STYLE OF MODERN DAIRY, APPELLANTS, v. STELLA B. LEONARD, FORMERLY KNOWN AS STELLA B. LEONARD BELANGER, RESPONDENT.

No. 3603

March 26, 1951. 229 P.2d 153.

*Royal A. Stewart,* of Reno, for Appellants Childers and Vrenon.

*John S. Sinai,* of Reno, for Respondent.

## OPINION

### ON MOTION TO AMEND FORMER DECISION

By the Court, BADT, C. J.:

Appellants Childers and Vrenon have moved this court for an order amending its former decision dismissing the appeal of said appellants. They ask that the order of dismissal of the appeal be stricken and that there be substituted the following order: "The motion to dismiss the appeal is granted and the case remanded

to the lower court with instructions to dismiss the complaint without costs to either party."[1]

The present motion is based upon the ground that we dismissed the appeal because the question was moot; that under well settled law, the trial court's judgment in favor of respondent would not, under such circumstances, be conclusive against appellants or in favor of respondent in a subsequent action, Restatement of the law of judgments, 315, secs. 69, 69(2); that under the holding in United States of America v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed 36, it becomes incumbent upon appellants to make the present motion or else be deemed to have acquiesced in the dismissal, to have failed to avail themselves of their remedy and to be held to have slept on their rights; that appellants are now seasonably asking 'for the present order in response "to the command of the Munsingwear case"; that their right to seek the order now sought did not come into question until the dismissal of the appeal and the order denying rehearing which declared the case to be moot; that prior to the Munsingwear case, courts always recognized the inequity of a situation in which a party would be subjected to the consequences of a judgment which he was unable to review because the question had become moot; that the Munsingwear case, so recently determined by the United States supreme court, had changed this heretofore well recognized rule of law; and that the state courts, while not bound by such ruling, might indeed be inclined to follow it on account of the deep respect accorded by the state courts to this high tribunal.

In our opinion dismissing the appeal we said: "We hold (1) that appellants Childers and Vrenon, by reason

---

[1]The facts in this litigation will appear from our opinion in Bowler v. Vannoy, 67 Nev. 80, 215 P.2d 248, in which we granted a writ of mandamus commanding the defendant sheriff to return certain livestock to the petitioners; also in Leonard v. Belanger, 67 Nev. 577, 222 P.2d 193, in which we dismissed the appeal of Childers and Vrenon.

of their disclaimers of title made under the circumstances herein recited, are neither such aggrieved parties, nor have they such direct interest in the subject matter of the action or the appeal, as to permit them, or either of them, to appeal from the judgment or from the order denying their motion for a new trial."

Analyzing this situation, appellants say that their motion is based on a hypothesis consisting of the five following successive parts: 1. Appellants' appeal was dismissed because they were not aggrieved parties. 2. They were not aggrieved parties because they no longer possessed any interest in the subject matter of the action and thus had no interest which could be affected by any judgment in the action. 3. That because no judgment could affect appellants' interests, all questions in the case were moot as regards appellants. 4. That though the case be now moot, the judgment of the lower court might yet spawn legal consequences. 5. That to protect appellants from being affected by such legal consequences, the complaint in the lower court ought to be dismissed since appellants are denied the protection of an appeal.

The fabric of this sequence is tied together by the assertion, with certain supporting authorities, that our dismissal of the appeal because the appellants were neither aggrieved parties nor had such a direct interest in the subject matter of the action or the appeal as to permit them to appeal from the judgment, was equivalent to an order dismissing the appeal upon the ground that the controversy had become moot.

While the problem is an interesting one, we find it unnecessary to enter into any detailed discussion. When appellants Childers and Vrenon announced for the first time in their testimony in the proceedings supplemental to the judgment against them, that they had long since disposed of their interest in the cattle, respondent moved to dismiss their appeal. They were served with notice

of such motion on June 2, 1950. After the filing of their answering brief and the respondent's reply brief on the motion, the same was argued, and after filing of additional briefs was submitted on July 24, 1950. Our order dismissing the appeal was filed September 11, 1950. Petition for rehearing was submitted November 20, 1950, and denied January 11, 1951. During all this period appellants were aware of the purpose of this motion, namely to dismiss the appeal. They knew that if the motion were granted, the appeal would be dismissed. They made no contention that in the event the court considered the motion well taken, the court's order should be to dismiss the appeal and to remand the case to the trial court with instructions to dismiss the complaint. We have no statute, rule of court or practice to warrant a consideration of appellants' present motion. On the contrary, this court in Brandon v. West, 29 Nev. 135, 85 P. 449, 88 P. 140, a case peculiarly in point, refused to countenance or entertain such proceeding, saying that it "would not only set a precedent which would render judgments uncertain and unstable after the rendition on appeal and consideration on rehearing in this court, but would unduly prolong litigation and sweep aside the benefits and results following from the rule announced in numerous decisions in this and other courts, holding that points or contentions not raised, or passed over in silence on the original hearing, cannot be maintained or considered on petition [for] rehearing." It is true, as there stated, that it is not unusual to correct the judgment on motion "where there is a clerical mistake or some error apparent on the record," but that is not even claimed to be the case here. See also Gamble v. Silver Peak Mines, 35 Nev. 319, 133 P. 936; Finley v. Finley, 65 Nev. 122, 196 P.2d 766; and Canepa v. Durham, 62 Nev. 429, 155 P.2d 788. If we concede, without in any way detracting from the force of the foregoing authorities, that this court has, in a proper case, jurisdiction to modify the judgment to prevent a miscarriage of justice, the circumstances of this

case would not justify the exercise of such jurisdiction.

When appellants filed their motion, the remittitur, after denial of petition for rehearing of our dismissal of the appeal, had not yet been issued, and we ordered it withheld pending further order of the court. The motion to modify and amend our former order is hereby dismissed, and the remittitur is ordered to be issued to the district court forthwith.

EATHER and MERRILL, JJ., concur.