BASHIR CHOWDHRY, M.D., Appellant, v. NLVH, INC., a Nevada Corporation, dba COMMUNITY HOSPITAL OF NORTH LAS VEGAS, MARIAN DREIHAUPT, as Special Administratrix of the Estate of LAWRENCE WILCHIN, M.D., FRANK SILVER, M.D., CHARLES W. MOORE, and AMERICAN HEALTHCARE MANAGEMENT HOME CARE, INC., Respondents.

No. 25294

April 27, 1995                                  893 P.2d 385

*Gentile & Porter* and *JoNell Thomas,* Las Vegas, for Appellant.

*Alverson, Taylor, Mortensen & Nelson* and *Leann Sanders,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

After a lengthy and somewhat convoluted procedural history, we are once again considering the case of Chowdhry v. NLVH.[1] This time, the case is before us as the result of an award of attorney's fees (pursuant to NRS 17.115) made by the district court after we had reversed an award of attorney's fees (pursuant to NRS 18.010) and subsequently denied a petition for rehearing. Today, we are presented with the question of whether the denial of a petition for rehearing precludes further consideration of the underlying issues, even as to alternative grounds which may not have been argued on appeal.

In July 1986, appellant Bashir Chowdhry, M.D. brought an action against respondent NLVH, Inc., d/b/a Community Hospital of North Las Vegas (NLVH), for breach of contract and other causes of action. NLVH made an offer of judgment prior to trial. NLVH subsequently prevailed at trial and requested attorney's fees pursuant to NRS 18.010,[2] or alternatively, pursuant to NRS 17.115.[3] The district court found that the suit was brought in bad

---

[1]This court considered a direct appeal in the case in Chowdhry v. NLVH, Inc., 109 Nev. 478, 851 P.2d 459 (1993).

[2]NRS 18.010 provides, in pertinent part that:

> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
>
> . . . .
>
> (b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought without reasonable ground or to harass the prevailing party.

[3]NRS 17.115 states, in pertinent part:

> 1. At any time more than 10 days before trial, either informally or at any pretrial conference presided over by a judge of the court in which the action is pending, any party may serve an offer in writing to allow

faith and awarded NLVH attorney's fees ($209,576.00). Although the district court's order did not specifically state the grounds upon which the award was made, the fact that the district court discussed bad faith implies that the award was made pursuant to NRS 18.010. Chowdhry appealed the verdict, as well as the award of attorney's fees. This court affirmed the verdict but reversed the award of attorney's fees, finding that the suit was not frivolous. Chowdhry v. NLVH, Inc., 109 Nev. 478, 851 P.2d 459 (1993).

NLVH filed a petition for rehearing in this court on May 24, 1993, that was limited to the following questions: (1) whether this court would remand the matter for consideration of an award of attorney's fees under NRS 17.115 and (2) whether NLVH was entitled to attorney's fees pursuant to NRS 17.115. This court denied the petition for rehearing.

NLVH renewed its motion for attorney's fees pursuant to NRS 17.115 in the district court. The district court awarded the requested fees. Chowdhry appeals, arguing (1) that the district court lacked jurisdiction to consider a motion to award attorney's fees pursuant to NRS 17.115 after this court denied rehearing on the issue and (2) that even if the district court had jurisdiction to consider the motion, attorney's fees were improperly awarded. Since we find that the district court did not have jurisdiction to consider the matter, we vacate the order awarding attorney's fees. We need not reach Chowdhry's second contention.

This court has previously stated that "points or contentions not raised, or passed over in silence on the original hearing, cannot be maintained or considered on petition for rehearing." Belanger v. Leonard, 68 Nev. 258, 262, 229 P.2d 153, 155 (1951) (quoting Brandon v. West, 29 Nev. 135, 85 P. 449, 88 P. 140 (1906)). In *Belanger,* appellants were seeking an amendment of an order dismissing appeal after a petition for rehearing was denied. This court noted

> [Appellants] knew that if the motion were granted, the appeal would be dismissed. They made no contention that in the event the court considered the motion well taken, the court's order should be to dismiss the appeal and to remand

---

judgment to be taken in accordance with the terms and conditions stated at that time.

. . . .

  4.  If the party to whom the offer of judgment is made fails to obtain a more favorable judgment, he cannot recover:

. . . .

  (b) Costs or attorney's fees, and the court shall order him to pay to the party who made the offer that party's taxable costs incurred from the date of filing the complaint, . . . and reasonable attorney's fees incurred by the party making the offer from the time of the offer.

the case to the trial court with instructions to dismiss the complaint.

*Belanger,* 68 Nev. at 262, 229 P.2d at 155.

In *Brandon,* this court held that once a petition for rehearing had been denied, further consideration of the underlying issue was precluded, even as to points or contentions not raised. "This rule is equivalent to holding that matters *so waived* cannot be entertained later, and good reasons exist for its enforcement." *Brandon,* 29 Nev. at 141, 88 P. at 140 (emphasis added). In the case at bar, both parties focused upon attorney's fees as a major issue. NLVH should have anticipated that this court might not uphold the award of attorney's fees based on the bad faith argument, and should have argued, on appeal, that this court could still affirm the attorney's fee award because Chowdhry refused the offer of judgment. To allow the district court's award of attorney's fees under NRS 17.115, an award made *after* NLVH's petition for rehearing on the exact same issue had been denied by this court, "would be doing indirectly and later . . . what we had previously refused to do on the petition for rehearing, and would not only set a precedent which would render judgments uncertain and unstable after the rendition on appeal and consideration on rehearing in this court, but would unduly prolong litigation." *Id.*

The purpose of NLVH's petition for rehearing was to get this court to remand the case back to district court for a consideration of attorney's fees pursuant to NRS 17.115. When this court declined to do so, the issue was at an end, but NLVH filed a motion for attorney's fees with the district court anyway. We hold that the rule set forth in *Brandon* is applicable, and that the district court did not have jurisdiction to reconsider the motion for attorney's fees once we had denied the petition for rehearing. Accordingly, the district court's order awarding respondents attorney's fees pursuant to NRS 17.115 is vacated.