[No. 878.]

HENRY WILLIAMS, RESPONDENT, v. H. F. RICE ET AL., APPELLANTS.

STATEMENT ON MOTION FOR NEW TRIAL—WHEN NOT A STATEMENT ON APPEAL.—In construing the provisions of the civil practice act (sec. 197, 332, 333, 335–6): Held, that, when an appeal is only taken from the judgment, a statement that had been prepared and used as a statement on motion for a new trial cannot be considered as a statement on appeal. (Beatty, J., dissenting.)

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts appear in the opinion.

R. M. Clarke, for Appellants.

Whitman & Wood, for Respondents.

By the Court, HAWLEY, C. J.:

The transcript on appeal in this case shows that judgment was rendered March 9, 1876; that a statement on motion for a new trial was filed March 14, 1876; that the motion for a new trial was denied August 11, 1876, and the notice of appeal filed September 26, 1876. The appeal is taken from the judgment only. Respondent moves to strike out "the statement on motion for a new trial," and if his motion is granted there will be nothing left for us to consider except the judgment roll.

An appeal from the judgment, without a statement, brings up nothing for review except the judgment roll. (*Howard* v. *Richards et al.*, 2 Nev. 133; *Klein* v. *Allenbach*, 6 Nev. 159; *McCausland* v. *Lamb et al.*, 7 Nev. 238; *Wetherbee* v. *Carroll et al.*, 33 Cal. 549.)

It is claimed by counsel for appellants that inasmuch as the statement on motion for new trial was filed within the time allowed by law for the preparation of a statement on appeal, this Court ought to consider it as a statement on appeal regardless of the facts that it does not purport to be such a statement and, as admitted on the argument, that it was not prepared, or intended to be used, as a statement of the case on appeal; and it is argued that there is no substantial reason why it should not be so considered.

Does the statute authorize us to so consider the statement? We think not. The statute, in its terms, is clear, plain and explicit; there is no ambiguity, no doubtful meaning. By following its directions we comply with the law, and certainly no more substantial reason could be given for our action. Let us see what the statute requires. Sec. 197 of the civil practice act provides that when the appeal is from an order granting or refusing a motion for a new trial, the statement on motion for new trial " shall constitute, without further statement, the papers to be used on appeal." (1 Comp. Laws, 1258.) There is no other provision of the statute that authorizes the statement on motion for new trial to be considered as a statement on appeal, and it cannot, in our opinion, be otherwise so considered unless there is a stipulation or agreement of counsel to that effect.

Sec. 332 provides as follows: "When the party who has the right to appeal wishes a statement of the case to be annexed to the record of the judgment * * he shall, within twenty days after the entry of such judgment * * prepare such statement," etc., etc. (1 Comp. Laws, 1393.)

When the statement is prepared and settled or agreed upon, as provided for in said section, "it shall be filed with the clerk," (sec. 335) and "a copy of the statement shall be annexed to a copy of the judgment-roll." (Sec. 336.) But if no such statement is prepared, the party appealing from the judgment "shall be deemed to have waived his right thereto." (Sec. 333.)

Under the provisions of the statute the statement on motion for new trial has a distinct and separate office to perform and is wholly independent of the statement provided for in sec. 332. It is prepared for the purpose of being used—as the statute provides—on motion for a new trial, and when "thus used" it "shall constitute, without further statement, the papers to be used on appeal," and it is only when thus used, and when the appeal is taken from the order granting or refusing a new trial, that the statute authorizes it to be considered as a statement on appeal. This, it seems to us, is the plain meaning of the statute. But we are not without other authority directly upon the disputed point.

In *Burdge* v. *G. H. and B. R. W. Co.* there was no statement on appeal, but a statement used on motion for new trial. The appeal was from the judgment alone. The decision was rendered prior to the adoption of the statute in question by the legislature of this state. Field, J., in delivering the opinion of the court—Baldwin, J., and Cope, J., concurring—said: "The statement contained in the record was used on the motion for a new trial, and we can only examine the action of the court below in denying the motion. The judgment cannot be reviewed except through the order made upon the motion, and from such order there is no appeal. * * This leaves the case to stand upon the judgment-roll." (15 Cal. 198.)

In *Levy* v. *Gettleson* the facts were different, but the de-

cision fully sustains the conclusions we have reached. Shafter, J., in delivering the opinion of the court, in which all the justices concurred, said: "One of the questions presented is, whether it is error for a district court to refuse to settle a 'statement' made in support of a motion to set aside a nonsuit, or to refuse to entertain a motion to amend such statement after it has been filed and served on the opposite party, or error to grant an order striking such statement from the files of the court. The district courts cannot be called upon to review a case upon the testimony, nor upon an allegation of errors of law occurring at the trial, except in the way pointed out in the practice act. That method is simple and straightforward, and in our judgment, was intended to exclude all others. If the plaintiff desired to have the nonsuit entered against him investigated upon its merits in the district court, he should have moved for a new trial upon a statement; or, if he preferred to bring the case to this court directly, he could have done so by an appeal from the judgment, aided by a statement annexed to the roll. There is a statement in the transcript, *but it does not purport to be a statement on appeal from the judgment.* The result is that the court did not err in refusing its sanction to a method of reviewing decisions made in the course of a trial, altogether unknown to our system." (27 Cal. 688.)

If appellants desired to have the assignments of error, as set forth in the statement on motion for a new trial, reviewed by this court they should have taken an appeal from the order of the district court refusing a new trial. Not having pursued the course clearly pointed out by the statute, they have, in law, waived their right to have the statement on motion for a new trial considered. The motion of respondent is allowed, and there being no statement annexed to the judgment-roll, as provided for by the statute, there is nothing properly before us for review except the judgment-roll. In that, it is admitted, no error appears.

The judgment of the district court is affirmed. Remittitur forthwith.

BEATTY, J., dissenting:

In my opinion the statement contained in this record, although it is entitled, "statement on motion for new trial," can and ought to be treated as a statement on appeal. The statute is not responsible for the phrases "statement on appeal" and "statement on motion for new trial." These are merely convenient forms of expression which have come to be employed in order to designate the purpose for which a statement has been made or the manner in which it has been used. They are not the law and do not determine the rights of parties. What the law provides for, and all that it provides for, in speaking of appeals as well as of new trials, is a statement of the case. A new trial, it is true, may be granted, and the order of the district court granting or refusing it, may be reviewed in this court on a variety of grounds that we cannot consider on an appeal direct from the judgment, so that usually a statement on motion for new trial contains a great deal that does not properly belong to a statement made solely with reference to an appeal from the judgment. But when errors in law occurring during the trial have been excepted to by the losing party (which is the case here) he has the choice to bring them to this court for review on appeal direct from the judgment; or to first move for a new trial, and if it is denied, appeal from the order; or after his motion is overruled, if the time for appealing from the judgment has not expired, he may ignore the proceedings on the motion and still appeal direct from the judgment. This last is what has been done in the present case, not through choice, but by inadvertence in failing to mention the order in the notice of appeal. It is not questioned that there is a good appeal from the judgment, but it is held that the statement, from which alone error can be made to appear, having been entitled "statement on motion for a new trial," and used to support such a motion, cannot be regarded on this appeal, notwithstanding it contains precisely the same matters, was made in precisely the same manner and authenticated and transmitted with the same formalities and by the same officers as if it had never

been designed to subserve any other purpose than to support the appeal that has been taken. The defendants are deprived of the right of having their appeal heard and decided upon its merits merely because an unnecessary and superfluous designation, unknown to the law, was put upon a statement, which, in all essential respects, is a perfect statement of the case, whether designed to be used on a motion for new trial or on appeal. There might be some force in such a reason if anybody had been deceived or misled, induced to waive any right or relax any vigilance, by the act of the party in calling his statement a statement on motion for a new trial. Nothing of the kind, however, is or can be pretended, and the statement is stricken from the record simply and solely because it purports to be a statement on motion for a new trial, and because, in the opinion of the court, the statute does not authorize us to consider such a statement except on an appeal from the order.

This conclusion is deduced from the language of, section 197 of the practice act, which, in the opinion of the court, contains the only provision authorizing a statement on motion for new trial to be considered as a statement on appeal. If the statute had anything to say about "statements on motion for new trial," or "statements on appeal," or if the two things were incompatible in their nature, the argument would be more satisfactory. But, as I have said, what the statute provides for is a statement of the case, and when the matters to be reviewed are errors in law excepted to during the trial, there can be but one statement of them, no matter what the object of making it. The only difference is that if the party aggrieved wishes to move for a new trial he must file and serve his statement within ten days after the judgment, whereas, he may take twenty days if he only designs to appeal. In this case the statement was settled, engrossed, certified and filed within five days after judgment. It was in time for a motion for new trial, and necessarily in time for a statement on appeal. It is admitted to be a correct statement, minutely specifying numerous alleged errors occurring and excepted to during the

progress of the trial. It was made and settled, certified and filed in exact conformity with every requirement of sections 332, 333, 334, 335 of the practice act, and a copy is annexed to a copy of the judgment-roll in the record before us. (Sec. 336.) But it was entitled "statement on motion for new trial," and notice was given that it would be used to support such a motion, and it was so used. Therefore, it is not and cannot be a statement of the case on appeal from the judgment. Why? Because the name is of more importance than the substance of things? Or did the use of the statement in the district court spoil it?

I admit that what is called a statement on motion for a new trial may be, and generally is, something very different from a statement on appeal. But there are cases, and this is one of them, where they may be exactly the same. It is true the motion for a new trial in this case was partly based upon the ground that the verdict was contrary to the evidence, and all the evidence was included in the statement, which, for the purposes of an appeal from the judgment, was perhaps unnecessary. But the fact that it contains something more than is necessary invalidates it no more than the fact that it was filed and served sooner than was necessary.

The provision of sec. 197, upon which the conclusion of the court is entirely based, does not, in my opinion, control the operations of sections 332-3-4-5-6. If, in making a statement of the case, with a view to moving for a new trial under section 197, those sections are also fully complied with, there is a statement which those sections authorize to be used on appeal from the judgment. The fact that it may be used, and was actually designed for another purpose, only proves that the party "builded better than he knew." He is not estopped from changing his mind unless by so doing he would gain some unfair advantage over his adversary.

It may be argued, and in fact such seems to be the argument, that the express provision of section 197 permitting a statement that has been used in support of a motion for a new trial, to be used in connection with other papers as a

statement on appeal from the order granting or refusing a
new trial, is an exclusion of all other modes of using it on
appeal.   But such a construction in a case like this would
bring section 197 and the sections above referred to in con-
flict, whereas they may be very easily reconciled.   The gen-
eral rule is that on appeal from an order a statement, if one
is desired, must be made within twenty days after the order
(sec. 332), and in the absence of the special provision of
section 197, the party appealing from an order granting or
refusing a new trial would have to make a new statement,
so that a sufficient *raison d'etre* for that provision is to be
found in the fact that it was desired to save litigants the
trouble of making the statement over again.   It allows a
statement made before the order to be used the same as if
it was made after the order, and it also allows affidavits,
pleadings, depositions, etc., to be used as a statement in
connection with it.   It is, in my opinion, a severe and un-
authorized application of the rule of *expressio unius* to say
that section 197 precludes the use of a statement on motion
for new trial as a statement on appeal when it has been
made in conformity to those sections of the act regulating
the making of statements on appeal, and is admitted to be a
correct statement of the case.   A better application of the
rule might be made to the first clause of section 333.   "If
the party shall omit to make a statement within the time
limited, he shall be deemed to have waived his right
thereto."   Here the party did not omit to make the state-
ment, and therefore he cannot be deemed to have waived
his right thereto.

I admit that before the statute was adopted in this
state, it had been construed in California as it has been
construed by the court here.   But those decisions, which
only have the effect of denying a party the right of being
heard on the merits of his case, are not protected by the
principle of *stare decisis*.   If they are sustained by reason,
they are entitled to respect, but not otherwise.   This court,
indeed, has shown but little deference to the construction
given to the practice act by the supreme court of California
before its adoption here, even in those cases where parties

relying on its received construction were deprived of important rights. For instance, in *Reynolds* v. *Harris*, 8 Cal. 617, it was decided that the findings of the district court need not be put into a statement in order to entitle them to be considered on appeal. If there is anything in the doctrine that a statute of one state, when adopted by another, is to be held to have been adopted with its received construction, that decision was protected, though erroneous, by the principle of *stare decisis;* and yet it was repudiated unhesitatingly in *Imperial Co.* v. *Barstow,* 5 Nev. 254, and has never been followed in this state. Other instances might be cited, but this is sufficient to show that this court has never considered itself bound by the California decisions construing the practice act.

The cases referred to by the court in 15 and 27 Cal. merely follow the rule of *Lower* v. *Knox,* 10 Cal. 480, and that case seems to have been decided upon the ground that the statement was not filed in time. They are based upon no reasoning whatever, and the last one (27 Cal. 687), did not involve the question presented by this case, for by reference to the report it will be seen that the statement was defective in substance, in not specifying the errors which would be relied on. It was not a good statement for any purpose, whereas the statement before us is a good statement in every essential respect, and was made in time.

For these reasons I dissent.