SAMUEL H. LEATHE, Plaintiff in Error, vs. EDWARD L. THOMAS, Defendant in Error.

*Opinion announced orally February 11, 1908.*

REHEARING—*party may not file second petition for rehearing.* When a cause has been determined by the Supreme Court by a judgment final in character and the petition of the unsuccessful party for a rehearing has been denied the merits of the controversy will not be further considered upon motion of either party, except in a case where by some inadvertence a judgment has been entered by such court other than the one it intended to render.

APPLICATION for leave to file a second petition for rehearing.

JOHN M. HARLAN, and W. W. GURLEY, for plaintiff in error.

EDWARD L. THOMAS, *pro se.*

Mr. JUSTICE SCOTT announced the opinion of the court:

In this case a judgment was entered in this court at the June term, 1905, affirming the judgment of the Appellate Court for the Fourth District. Plaintiff in error filed a petition for rehearing, which was denied at the December term, 1905. Thereafter the cause was taken by writ of error to the Supreme Court of the United States, where the

writ was dismissed for want of jurisdiction, at the October term, 1907, and the mandate of that court has been received by the clerk of this court. Since that time, and before the mandate of this court was sent down, plaintiff in error presented to the chief justice, in vacation, an application for leave to file in this court a second petition for a rehearing and an application for an order staying further proceedings until the petition for rehearing could be considered. In order that the matter might receive the consideration of the entire court, and in accordance with the practice, the chief justice made a stay order, and such order having been made, we thereafter gave leave to file the petition, and it is now on file in this court.

The same party may not file a second petition for rehearing. We have, however, been referred by counsel for plaintiff in error to several cases in our Reports from which it appears that this court has in those cases either modified or vacated its judgment at a term later than that at which the court had apparently made final disposition of the controversy. An examination of these authorities does not indicate that the court has heretofore established any rule by which it could determine when to exercise this power.

We think that when a cause has been determined by a judgment final in its character and the petition of the unsuccessful party for a rehearing has been denied, the merits of the controversy should not be further considered by this court, upon the motion of either party, except in a case where by some inadvertence a judgment has been entered here other than the judgment which the court intended to render. The case at bar is not within the exception. Had the application for leave to file a second petition for rehearing herein been presented in term time in the first instance, that application would not have received favorable consideration.

The petition for rehearing will be denied.

*Rehearing denied.*