ROTH et al. v. MURRAY, Clerk of Court.

(Supreme Court of Texas. Dec. 20, 1911.)

1. COURTS (§ 207*)—APPELLATE COURTS—ISSUANCE OF MANDAMUS—PURPOSE OF RELIEF—COMPELLING JUDICIAL DUTY.

The Supreme Court has inherent power to compel the performance of legal acts essential to bring cases before it for review, and by mandamus compel the clerk of the Court of Civil Appeals to file a petition for writ of error presented to him, which he should under the law have filed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 755, 756; Dec. Dig. § 207.*]

2. APPEAL AND ERROR (§ 297*)—MOTION FOR REHEARING—SECOND MOTION.

Under Supreme Court rule 1 (67 S. W. xi), providing that a motion for rehearing in the Court of Civil Appeals must be overruled before applying for a writ of error, and that the petition shall include specific assignments of error confined to the points of law presented in the

---

motion for rehearing in the Court of Civil Appeals, where the second motion for rehearing filed in such court complained of errors in the matters decided in the second opinion, which were different from those decided in the first opinion, the second motion for rehearing was proper, and even necessary, to enable appellant to apply for a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1722, 1723; Dec. Dig. § 297.*]

Application for mandamus by Henry Roth and others against Joseph Murray, Clerk of Court. Application granted.

Sam C. Lackey and Proctor, Vandenberge, Crain & Lewright, for petitioners.

RAMSEY, J. Suit was instituted in the district court of De Witt county on September 3, 1906, by Henry Roth and others against Alvina Schroeter and others to recover certain lands. On a trial had in said court on January 8, 1909, a judgment was rendered in favor of the defendants. An appeal to the Court of Civil Appeals for the First Supreme Judicial District was prosecuted, and the case was thereafter transferred to the Court of Civil Appeals for the Fourth Supreme Judicial District, and on May 4, 1910, the judgment of the court below was by the Court of Civil Appeals for said district affirmed in a written opinion (129 S. W. 203), in which it was held, in substance, "that in an action of trespass to try title, in which the pleadings of plaintiff are simply the statutory form of trespass to try title and the answer of defendant a plea of not guilty, equitable relief cannot be obtained by either party, although equities may arise from the evidence in the case," and, since the evident purpose of the evidence was to ingraft a parol trust upon the deed of plaintiff's father, that, under the pleadings, no recovery could be had. Thereafter in due time the appellants filed a motion for rehearing, which was confined exclusively to the question discussed and decided by the Court of Civil Appeals, and to that question only. Thereafter, on June 8, 1910, the Court of Civil Appeals filed another opinion, in which, in substance, in respect to the question discussed and decided in its first opinion, it was held that the rule therein laid down had no application to a "case like this, where no equitable relief is sought, but where plaintiff's right of recovery is simply based upon an equitable title to the land." However, the case was nevertheless affirmed on its merits; the second opinion discussing and disposing of practically all the issues and questions raised on the appeal. This motion for rehearing was not in terms granted, but in both opinions the judgment of the court below was affirmed.

Within 15 days from the filing of this second opinion, relators Louis B. Schroeter and Otto F. Schroeter filed in said Court of Civil Appeals a motion for rehearing in said cause, relating to and complaining of the action and ruling of said court in respect to the matters and things discussed and ruled in the second opinion. This motion was on June 30, 1910, by the said Court of Civil Appeals dismissed. There was no written opinion filed by the court, or reason given for dismissing this motion; but the action of the court in so doing was based, presumably, on the ground that relators were not legally entitled under the law to file the second motion for a rehearing. Thereafter, on July 30, 1910, relators transmitted and presented to Mr. Murray, the clerk of the Court of Civil Appeals, a petition for writ of error in said cause to this court, including therein complaint and assignment of the several errors claimed to have been committed by the court in its second and final opinion and decision in the case. Respondent both failed and refused to file said petition for writ of error, on the ground, as averred, and none other, that same was not presented and tendered for filing within 30 days from June 8, 1910, the date of the rendition of the first opinion; said clerk being of the opinion, as stated in the petition, that there was no warrant in law for the filing of said second motion for rehearing, and that therefore the petition for writ of error came too late. There is no dispute as to any of the facts, and the questions disputed are: Should the clerk, under the circumstances, have filed the petition? and, having declined to do so, are relators entitled to a peremptory mandamus directing and requiring him to do so? These questions must, we think, be answered in the affirmative.

[1] There can, we think, be no doubt that this court, as a power essential to its existence and proper exercise of its unquestioned jurisdiction, has authority to compel the performance of the essential acts provided by law to bring cases before it for revision. While in terms denied, the effect of the action of the Court of Civil Appeals on the first motion for rehearing was to grant same. The only question and matter decided and held in the first opinion was both abandoned and withdrawn in the second opinion. The first motion for rehearing was confined, and properly confined, to the only question touched upon and decided in the first opinion. The second opinion, which decided the case on its merits, related to and adjudged wholly different questions. The second motion for rehearing complained of and assigned error in respect to all the several matters discussed and decided in the second opinion.

[2] The first rule for this court (67 S. W. xi) provides, among other things, that "a motion for rehearing must be made in the Court of Civil Appeals and overruled before applying for the writ of error," and, further, that the petition for writ of error shall include "specific assignments of error confined to the points of law presented in the motion for re-

hearing in the Court of Civil Appeals." In the light of these provisions it seems to us that in order to present the case properly to this court it was not only proper, but required, that relators should have filed their second motion for rehearing. This was, in effect, ruled in the case of Knox v. McElroy, 127 S. W. 798, where it was held that where the Court of Civil Appeals had stricken out the statement of facts, and thereupon affirmed the judgment, and thereafter rescinded its order striking out such statement, and decided the case on the merits, with the same result, assignments, to be reviewable, must be raised by motion for rehearing in the Court of Civil Appeals.

The mandamus will therefore be awarded as prayed for, and the costs of this proceeding will be taxed against the respondent.