[No. 2120]

WALTER WARD, RESPONDENT, v. PITTSBURG SILVER PEAK MINING COMPANY (A CORPORATION), APPELLANT.

[143 Pac. 119]

1. APPEAL AND ERROR — RECORD — STRIKING OUT — CONSIDERING MINUTES OF COURT.

Whether there shall be stricken from the files on appeal from an order refusing a new trial, a transcript of the testimony and proceedings certified by the reporter, but with nothing to indicate that it had been agreed on by counsel or settled and allowed by the court as a statement on appeal, or that it was used at the hearing on the motion for the new trial, depends on whether or not the minutes of the court, offered by appellant under the rule as to diminution of the record, when admitted, show it is in some way properly connected with the appeal.

2. EXCEPTIONS, BILL OF—SETTLEMENT—CONTENTS.

The bill of exceptions under which, in some instances, an appeal may be taken, is to be settled by the court, and, unlike a memorandum of exceptions for motion for new trial for errors of law at the trial, need not contain a statement of counsel that in his judgment the exceptions are well taken.

3. EXCEPTIONS, BILL OF—IMPROPER TITLING.

Though improperly labeled a memorandum of exceptions, an instrument is a bill of exceptions on which appeal may be taken, if properly settled as such.

4. APPEAL AND ERROR—DENIAL OF NEW TRIAL—EXCEPTIONS CONSIDERED.

An exception, properly before and considered by the court in denying a motion for new trial, may be considered on appeal from the order denying the motion, though it might have been made the basis of a direct appeal from the judgment.

5. APPEAL AND ERROR—TIME OF TAKING—DISMISSAL.

The appeal from the judgment, not being taken within the six months from its rendition limited by statute, will be dismissed.

APPEAL from the Second Judicial District Court, Washoe County; *Thomas F. Moran*, Judge.

Action by Walter Ward against the Pittsburg Silver Peak Gold Mining Company. Plaintiff had judgment. Motion for new trial was denied, and defendant appeals. Plaintiff moves to dismiss the appeal and strike papers from the files. Appeal from judgment dismissed. Other motions denied, subject to consideration on hearing on merits.

*Samuel Platt* and *George Martinson*, for Appellant.

*Dixon & Miller*, for Respondent.

By the Court, TALBOT, C. J.:

Respondent has moved to dismiss the appeal on the grounds that no appeal was taken within six months after the entry of the judgment in the district court, and that appellant did not, within twenty days after the rendition of the judgment, or within twenty days after the making of the order denying the motion for a new trial, or at any time, file or serve any statement on appeal. The judgment was entered on the 24th day of May, 1913, in favor of the plaintiff. The order denying the motion for a new trial was made on the 26th day of January, 1914. Notice of appeal was filed and served on the 9th day of February, 1914, and within the sixty days allowed by the statute for appealing from an order refusing a new trial, but not within the six months after rendition allowed for appeal from the final judgment.

A "Memorandum of Exceptions," so entitled, and prefaced with the statement that "the following memorandum of exceptions is herewith submitted and relied upon in support of defendant's motion for a new trial," appears in the record, with an indorsement signed by the district judge, stating that "the above exceptions, and each and all of them, are hereby and herewith allowed." The certificate of the clerk, dated the 9th day of February, 1914, is attached, stating that the "bill of exceptions" was filed

in his office on the 30th day of October, 1913, and on the same day duly served on the adverse party, and that no amendments to said memorandum of exceptions have been proposed or filed."

[1-3] Respondent moves to strike from the files a transcript of the testimony and proceedings, indorsed "Transcript on Appeal," and certified by the official court reporter as being a full, true, and accurate statement of the proceedings had and testimony taken on the trial, excepting on one day. There is nothing to indicate that this statement has been agreed upon by counsel or settled and allowed by the court as a statement on appeal or that it was used at the hearing on motion for a new trial.

Under the rule relating to the diminution of the record, appellant offers the minutes of the court. Unless these, when admitted, show that the transcript of the testimony and proceedings is in some way properly considered with this appeal, respondent may renew his motion to have this transcript stricken from the files. The question as to whether other papers should be eliminated from the files may be considered in practice as similar to what we conclude regarding the memorandum of exceptions. Under the different provisions of the practice act intended to simplify appeals, they may be taken in some instances under bills of exceptions, which are distinguishable from the memorandum of exceptions required when a motion for a new trial is made because of error in law occurring at the trial. The statute is specific in demanding that this memorandum shall contain a verified statement of the attorney that in his judgment the exceptions relied upon are well taken in the law. Differently, the bill of exceptions upon which an appeal is taken is one to be settled by the judge. If such a bill of exceptions were so properly settled, it would be a bill of exceptions upon which an appeal could be taken, although it might be improperly labeled a "memorandum of exceptions."

[4] The preface and affidavit indicate that the memorandum of exceptions in this case was intended, originally, at least, for use on the motion for a new trial, instead of as a bill of exceptions upon which to base a direct appeal.

However, so much of the memorandum of exceptions as was properly before and considered by the judge on the hearing of the motion for a new trial may be considered here on the appeal from the order denying the motion for a new trial. For illustration, the first exception specified in the memorandum was the denial of the motion that the action be dismissed upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The appellant could have had this exception settled or allowed by the judge and appealed upon it directly from the judgment without the formality of a motion for a new trial or a statement on appeal, which ordinarily should be presented when questions relating to the sufficiency of the evidence are involved, so that the respondent should have an opportunity to present amendments to the statement. As the defendant-appellant preferred to first present this and other questions to the district judge on the motion for a new trial, this court may consider the same on appeal from the order denying the motion for a new trial, because this is one of the exceptions considered by the district court before such denial.

The case will be retained for consideration on appeal for such questions as may duly appear from the record and from the minutes of the court when admitted to have been properly before and considered by the district judge in passing upon the motion for a new trial. The papers, not appearing to have been before or so considered by the court upon the hearing of the motion for a new trial, or properly before this court, may later be stricken from the files. As to which papers these should be, counsel may present their views when argument is had upon the merits.

[5] The appeal from the judgment is dismissed because not taken within six months after rendition. The other motions of the respondent are denied for the present, subject to the right of the court to eliminate from the files any papers after the minutes which will be admitted have been considered and argument had.