[No. 2120]

# WALTER WARD, RESPONDENT, v. PITTSBURG SILVER PEAK GOLD MINING COMPANY (A CORPORATION), APPELLANT.

[148 Pac. 345; 153 Pac. 434]

1. APPEAL AND ERROR—DENIAL OF NEW TRIAL—MEMORANDUM OF EXCEPTIONS AS EXCEPTIONS ON APPEAL.

Rev. Laws, 5320, specifies the causes for which new trials may be granted. Sections 5321, 5322, provide that a motion for error in law occurring at the trial and excepted to by the party making application must be made upon the minutes of the court without statement or bill of exceptions, and that the moving party shall, within ten days after the service of motion for new trial, serve upon the adverse party a memorandum of such errors as he intends to rely on upon the motion, verified by his attorney. Section 5325 provides that a judgment or order in a civil case may be reviewed as prescribed by the title. Section 5328 provides that when the appeal is based on the ground of errors in rulings on the evidence or upon the giving of erroneous instructions, appellant must present his motion for a new trial to the trial court and have it determined before the appeal can be taken. Section 5331 defines a statement on appeal and presents the method of serving, filing, settling, and amending the same. Section 5335 provides that the omission to make a statement within the time limited shall be deemed a waiver of the right thereto, and the omission of proposed amendments an implied agreement to the statement, and section 5343 provides that a bill of exceptions may be taken to the order or ruling of the court, which shall be signed by the presiding judge and become a part of the record, and that any party aggrieved may appeal from the judgment or any appealable order without further statement or motion. Defendant filed a "Memorandum of Exceptions," submitted and relied upon in support of its motion for a new trial, which was verified by its attorney, but not settled by the court. *Held*, that the memorandum could not be considered as filling the office of bills of exceptions or a statement on appeal.

## ON REHEARING

1. APPEAL AND ERROR—DISMISSAL OF APPEAL—DEFECTS IN PROCEEDINGS.

Within Rev. Laws, 5358, providing that an appeal shall not be dismissed for any irregularity not affecting the jurisdiction of the court to hear and determine the appeal, or affecting the substantial rights of the parties, where there was no bill of exceptions or statement on appeal, but only a memorandum of exceptions for use on a motion for a new trial, the matter was one of jurisdiction.

2. APPEAL AND ERROR—DISMISSAL OF APPEAL—DEFECTS IN PRO-
   CEEDINGS.
      Notwithstanding Rev. Laws, 5358, where appellant fails
   to comply, at least substantially, with the provisions of the
   statute, the court can do nothing but dismiss the appeal, as
   the right of appeal is regulated by statute.

APPEAL from Second Judicial District Court, Washoe
County; *Thomas F. Moran,* Judge.

Action by Walter Ward against the Pittsburg Silver
Peak Gold Mining Company. Judgment for plaintiff,
and from the denial of its motion for a new trial, defen-
dant appeals. **Affirmed.**

*Samuel Platt,* for Appellant:

The following excerpt, taken from page 472 of the
37th Nevada Reports, is significant:

"If such a bill of exceptions were so properly settled,
it would be a bill of exceptions upon which an appeal
could be taken, although it might be improperly labeled
a 'Memorandum of Exceptions.' "

It is obvious, from the above direct statement in the
first opinion, that it is immaterial whether a so-called
bill of exceptions may be designated a memorandum of
exceptions, provided it had been properly settled. The
court originally disregards the form and considers the
substance. It is interested in knowing the facts of
filing, serving, opportunity for amending, submissions,
and presentation for allowance and settlement, and
whether in fact the memorandum of exceptions was
properly before and considered by the judge on the
hearing on motion for a new trial.

Appellant had the right to have the first exception
in the memorandum settled or allowed by the judge and
appeal upon it directly from the judgment, or he had
the equal right to present it with others to the district
judge on motion for a new trial. If he chose the latter
method, he was entitled to have his exceptions con-
sidered on appeal.

The fundamental legal reason entitling appellant to have the exceptions presented on motion for a new trial reviewed by the supreme court is that the district judge first had an opportunity to pass upon them before he denied the motion for a new trial.

The mandatory provision found in Rev. Laws, 5328, is in direct conflict with section 5343, Rev. Laws, which specifically provides for a reviewing of all rulings during the trial of a cause by bill of exceptions, regardless of a motion for a new trial. This last section cited is the portion of the statute commented upon by the court and of which quotation is above made.

It was absolutely impossible for the plaintiff or his counsel to have been prejudiced or misled by the caption of the bill. If, as is well stated by the court, the so-called "Bill of Exceptions" need only be presented to the trial court for signing, and is, as a matter of fact, purely *ex parte,* how could the other party or his counsel be prejudiced? The trial judge signed the bill and it was filed, and this court holds that "this bill of exceptions, when thus signed by the trial judge and filed, becomes a part of the record."

*Dixon & Miller* and *J. B. Dixon,* for Respondent:

There was no sufficient evidence that any bill of exceptions had been considered or allowed as a bill of exceptions by the trial court. In the record presented to the court, there was absolutely no evidence that the memorandum of exceptions had ever at any time been presented to the trial court as or for a bill of exceptions. The record contains absolutely no evidence of notice that this memorandum of exceptions would at any time be presented to the trial court as a bill of exceptions.

Under the provisions of section 5321 of the Revised Laws, the party moving for a new trial was specifically denied the right to present or use a bill of exceptions, but was restricted to the use of a memorandum of exceptions which was required to be verified by counsel for the defendant appellant.

By the Court, MCCARRAN, J.:

In this action, on April 13, 1914, respondent moved to dismiss the appeal. The motion to dismiss the appeal from the final judgment was based upon the ground that the appeal from that judgment was not taken within six months after the entry thereof. The motion to dismiss the appeal from the order denying a new trial was based upon the ground that appellant did not, within twenty days after the rendition of the judgment, or within twenty days after the making of the order denying a motion for a new trial, or at any time, file or serve any statement on appeal. As to the motion to dismiss the appeal from the final judgment, this court, speaking through Mr. Chief Justice Talbot, decided that respondent's motion to dismiss was well taken, and the order was entered that the appeal from the final judgment be dismissed. (*Ward* v. *Pittsburg Silver Peak Gold Mining Co.,* 37 Nev. 473.) As to the appeal from the order denying appellant's motion for a new trial, in the case of *Ward* v. *Pittsburg Silver Peak Gold Mining Co., supra,* we said:

"The case will be retained for consideration on appeal for such questions as may duly appear from the record and from the minutes of the court when admitted to have been properly before and considered by the district judge in passing upon the motion for a new trial. The papers, not appearing to have been before or so considered by the court upon the hearing of the motion for a new trial, or properly before this court, may later be stricken from the files. As to which papers these should be, counsel may present their views when argument is had upon the merits. * * * The other motions of the respondent are denied for the present, subject to the right of the court to eliminate from the files any papers after the minutes which will be admitted have been considered and argument had."

On the final argument of this case, counsel for respondent renewed their motion to dismiss the appeal from the order denying a new trial.

The first contention of counsel for respondent is that a certain instrument, entitled "Memorandum of Exceptions," embodied in the judgment roll, should be stricken from the files, inasmuch as it has no place in the judgment roll. Counsel's second contention is that no statement on appeal or bill of exceptions was ever filed by appellant in the case, and that therefore there is nothing before this court for review. We shall deal with both propositions in one consideration.

Our appellate jurisdiction governing cases brought to this court from the several district courts, strictly speaking, is found in the sections of the Revised Laws Nos. 5325 to 5361, inclusive. The procedure governing applications for new trial is contained in section 5319 to section 5324, inclusive. The procedure, or the essential steps of the procedure, in furtherance of motion for a new trial, made before the trial judge in the district court, must not be confused with the several steps essential to the perfection of an appeal from the district court to the supreme court. Each procedure and each step in the respective procedure is essentially independent of the other. Section 5322, Revised Laws, being section 380 of the civil practice act, pertaining to applications for a new trial, sets forth:

"Where the motion is made upon the seventh cause mentioned in the preceding section (error in law occurring at the trial and excepted to by the party making the application), the party moving shall, within ten days after the service of notice of motion for a new trial, unless further time be obtained by stipulation or order of the court, serve upon the adverse party a memorandum of such errors excepted to as he intends to rely on upon the motion, and such memorandum shall contain a verified statement of his attorney that in the judgment of such attorney the exceptions so relied upon are well taken in the law. No other errors under subdivision 7 shall be considered either upon the motion for a new trial or upon appeal than those mentioned in such memorandum."

By the preceding section, to wit, section 379 of the civil practice act, it is provided that where the motion for a new trial is made upon the fifth, sixth, or seventh grounds (excessive damages appearing to have been given under the influence of passion or prejudice; insufficiency of the evidence to justify the verdict or other decision, or that it is against law; error in law occurring at the trial and excepted to by the party making the application), it must be made upon the minutes of the court, without statement or bill of exceptions. Reading these two sections together, the procedure may be stated in simple language as follows: Where the application for the new trial is made upon the first, second, third, or fourth ground as set forth in section 378 of the civil practice act, the application must be supported by affidavit. Where the application for a new trial is made upon the fifth or sixth ground, the movant must rely upon the minutes of the court and pleadings, and the orders, the depositions, and documentary evidence, and the stenographic notes or report of the testimony and the records of the court had, made, taken, or entered during the course of the proceedings. If the motion for a new trial is based upon the seventh ground, as set forth in section 378, the movant must, within ten days after the service of notice of motion, unless further time be obtained by stipulation or order of the court, serve upon the adverse party a memorandum of such errors excepted to as he intends to rely on in furtherance of his statement that, in his judgment, the exceptions so relied upon are well taken in the law. Where the movant relies upon the seventh cause, he can assert no other errors under that cause than those which he specifically sets forth in his verified memorandum of errors. From these several provisions of the civil practice act, it must be observed that each of the several phases mentioned are essential steps in the procedure on motion for a new trial.

Section 5325, Revised Laws, being section 383 of the civil practice act, prescribes that:

"A judgment or order in a civil action, except when expressly made final by this act, may be reviewed as prescribed by this title, and not otherwise."

By the provisions of section 386 of the civil practice act, the party who seeks to appeal upon the ground either that the evidence is insufficient to justify the verdict or the decision of the court, or to support the findings, or who appeals upon alleged errors in rulings upon the evidence, or upon the giving of instructions claimed to be erroneous, must present his motion for a new trial to the trial court and have the same determined before the appeal can be taken.

Section 389 of the civil practice act defines a statement on appeal, and prescribes the method of preparing, serving, filing, and finally settling the same, and, in part, is as follows:

"When the party who has the right to appeal wishes a statement of the case to be annexed to the record of the judgment or order, he shall, within twenty days after the entry of such judgment or order, if he or his attorney was present at the time of the making or entry thereof, or if the appeal is from a judgment based upon a verdict, and in other cases, within twenty days after receiving written notice of the entry of the judgment or order, prepare a proposed statement, and number the pages and lines thereof, which proposed statement shall specify the particular errors or grounds upon which he intends to rely on the appeal, and shall contain so much of the evidence as may be necessary to explain the particular errors or grounds specified, and no more, and shall file the same with the clerk and serve a copy thereof upon the adverse party. * * * The respondent may, within ten days thereafter, prepare and file amendments to the statement."

Section 393 of the civil practice act provides:

"If the party shall omit to make a statement within the time limited, he shall be deemed to have waived his right thereto; and when a statement is made and the parties shall omit within the several times above limited,

the one party to propose amendments, the other to give the notice that he declines to admit the amendments, they shall respectively be deemed, the former to have agreed to the statement as prepared, and the latter to have agreed to the amendments as proposed; but the judge or referee who tried or heard the case shall, notwithstanding such omission or implied agreement, have power to correct any misstatement of his rulings which such statement may contain."

This latter section has received construction by this court in several cases. In the case of *Williams* v. *Rice,* 13 Nev. 234, Mr. Chief Justice Hawley, in speaking for the court, held that when an appeal is only taken from a judgment, a statement that had been prepared and used as a statement on motion for a new trial cannot be considered as a statement on appeal. The case of *Williams* v. *Rice, supra,* is especially significant in the consideration of the case at bar, in view of the fact that the statement on motion for a new trial mentioned by the court in that decision has been since done away with, and its place is filled by that which is termed "Memorandum of Exceptions," as prescribed by section 380 of the civil practice act. In the Williams-Rice case, *supra,* it was contended by the appellant that, inasmuch as the statement on motion for a new trial was filed within the time allowed by law for the preparation of a statement on appeal, the appellate court ought to consider it as a statement on appeal, regardless of the fact that it did not purport to be such statement. In the case at bar, it is the contention of counsel for appellant that the memorandum of exceptions included in the record on appeal should be considered as a bill of exceptions as contemplated by section 401 of the civil practice act (section 5343, Revised Laws). The terms of the last-mentioned section are as follows:

"At the time a decision, order or ruling is made, and during the progress of the cause, before or after judgment, if the opposing party or his attorney be present, a party may take his bill of exceptions to the decision,

order, admission, or exclusion of testimony or evidence, or other ruling of the court or judge on points of law, and it shall not be necessary to embody in such bill anything more than sufficient facts to show the point or pertinency of the exceptions taken. The presiding judge shall sign the same as the truth of the case may be, and such bill shall then become a part of the record, and any party aggrieved may appeal from the judgment or any appealable order without further statement or motion; and on such appeal it shall only be necessary to bring to the supreme court a transcript of the pleadings, the judgment, and the bill or bills of exception so taken."

The contention of counsel for appellant in the case at bar is that, the instrument entitled "Memorandum of Exceptions" having been filed prior to the order denying appellant's motion for a new trial, it should be regarded by this court as a bill of exceptions, and counsel, in his brief especially refers us to section 5343, Revised Laws, quoted above. But can this memorandum of exceptions, so-called, be regarded in any sense as a bill of exceptions such as that contemplated by section 5343? We think not. Upon its very face the instrument shows that it was not so regarded by appellant in the court below. The instrument is entitled "Memorandum of Exceptions." This entitling, of itself, would have no special significance if it were otherwise in conformity with section 5343, Revised Laws. But, aside from that, the instrument in its introduction is as follows:

"The following memorandum of exceptions is herewith submitted and relied upon in support of defendant's motion for a new trial, duly noticed, and which said exceptions, and each thereof, are material and affect the substantial rights of defendant, and were duly taken and noted in open court to the rulings of the above-entitled court upon the trial thereof, and which said rulings are herewith assigned as error, prejudicial to the defendant, material, affecting

defendant's substantial rights and entitling it to a new trial."

At the conclusion there appears the verification of one of the counsel for appellant, and this verification in its phraseology distinctly shows the purpose 'for which the instrument and the various assignments therein contained were intended. Moreover, it shows clearly that it was a proceeding resorted to by appellant in furtherance of the motion for a new trial before the court below, under the provisions of section 5322, Revised Laws. The verification of attorney for appellant in this respect is as follows:

"State of Nevada, County of Ormsby—ss.:

"Samuel Platt, being first duly sworn, upon oath deposes and says that he is one of the attorneys for the defendant and movant in the above-entitled case, and that in his judgment the above and within exceptions, hereinabove appearing in said memorandum of exceptions, are well taken in the law."

No such verification as this is required, either of counsel or of the litigant, by section 5343. The whole proceeding, as disclosed by the record, clearly indicates that this memorandum of exceptions was not regarded by the appellant or by the trial judge in the court below as a bill of exceptions such as is contemplated by section 5343. Under the procedure providing for the taking of appeal to this court, as prescribed by our statute, two methods are provided, and these are separate and distinct from each other. The one which is set forth by section 5331 makes provision for a statement of the case to be annexed to the record of the judgment or order appealed from, when the party appealing wishes such statement to be annexed. The other, which is provided by section 5343, makes no provision for, nor does it contemplate, the bringing of a statement of the case to the court of review. This provision contemplates a list of exceptions taken by the aggrieved party to the decisions, order, or rulings upon the admission or exclusion of testimony or evidence,

or other ruling of the court or judge on points of law during the course of the proceeding. It makes no provision for verification, nor does it require such, nor is it necessary to do more than to present this bill of exceptions, in the presence of the opposing party or his counsel, to the trial judge, who is required to sign the same after such bill has been made to conform to the truth according to the record. This bill of exceptions, when thus signed by the trial judge and filed, becomes a part of the record, and, as the statute sets forth, the party aggrieved may appeal from the judgment or any appealable order without further statement or motion. But a memorandum of exceptions such as that set forth in the record in this case, used and regarded as a memorandum of exceptions in the court below, and used and regarded solely in furtherance of appellant's motion for a new trial, cannot be held to fill an entirely different office when brought to this court. (*Western E. Co.* v. *Nev. A. Co.,* 33 Nev. 203, 110 Pac. 1129.)

Under section 5343, Revised Laws, it is clearly contemplated, when a bill of exceptions is taken, signed by the judge "as the truth of the case may be," that "the opposing party or his attorney be present." The purpose of providing for the presence of the opposing party or his attorney is to offer an opportunity to be heard in the matter of the settlement or allowance of the bill or bills of exceptions. The opposing party or his attorney have nothing whatever to do with the memorandum of exceptions filed and served in support of a motion for a new trial, nor with an assignment of errors embodied in a statement on appeal from a judgment or order. A party may make such memorandum of exceptions or assignment of errors as he may see fit. As said by Beatty, C. J., in *Fleeson* v. *Savage Silver Mining Co.,* 3 Nev. 167:

"The defeated party in any cause may file an assignment of error, containing anything he may choose to insert therein. He may assign a hundred errors having

no foundation in fact and no connection with the case. The opposing counsel, in settling the statement, could not deny the filing of such an assignment of errors."

It not only clearly appears in this case that the memorandum of exceptions does not purport to be a bill of exceptions signed by the judge in accordance with section 5343, *supra,* but that they were not settled or signed in the presence of the opposing party or his attorney, nor was any opportunity afforded them to be heard in reference thereto.

In the case of *Williams* v. *Rice, supra,* Mr. Justice Beatty, in dissenting from the prevailing opinion, held that a statement on motion for a new trial could also serve the purpose of a statement on appeal, and speaking of the statement before the court in that case, he said:

"In this case the statement was settled, engrossed, certified, and filed within five days after judgment. * * * It was made and settled, certified, and filed in exact conformity with every requirement of sections 332, 333, 334, and 335 of the practice act."

The reasoning set forth in the dissenting opinion of that able jurist would not serve here to further the contention of appellant that the memorandum of exceptions could serve in the place of a statement on appeal, much less that it could take the place of the bill of exceptions. In the case at bar there was no settlement of the memorandum of exceptions, so called. A blank form of settlement, drawn to be signed by the district judge, and set forth on page 115 of the record attached to the memorandum of exceptions was neither dated nor signed by the trial judge. Hence it follows that, even were we inclined to agree with the reasoning set forth in the dissenting opinion of Mr. Justice Beatty in the Williams-Rice case, *supra,* as affording a solution to the matter at bar, to relieve the appellant of the fatal omission, we are precluded from doing so, in view of the fact that the provisions of the statute applicable to the settlement of statements on appeal were not

complied with here, in that the district judge did not assume to settle such statement or to regard it as a statement on appeal or bill of exceptions.

There is nothing in the statute, as we view it, that would authorize a memorandum of exceptions, made and filed in furtherance of a motion for a new trial, to assume the office of a statement on appeal. The opposing party in any action is always vitally interested in the proposed statement on appeal, required to be filed and served before settlement by the trial judge, under provisions of section 389 of the civil practice act. Whether the assignment of errors may or may not be well taken depends upon the statement on appeal as finally settled. If the opposing party is not satisfied with the proposed statement, he may propose amendments thereto, and may be heard upon the question of the allowance of his proposed amendments. If no proposed amendments are filed, the opposing party is deemed to assent to the proposed statement. It necessarily follows, not only from the language of the statute governing the settlement of a statement on appeal, but from the manifest reason upon which the statute is based, that an assignment of errors that is not supported by a duly settled statement on appeal can have no force or effect whatever. In this case there is neither a bill of exceptions nor a statement on appeal, settled or allowed by the trial judge, or with which the opposing party has had any opportunity to be heard thereon.

This so-called memorandum of exceptions, designated as such, was filed in the court below and served on the respondent, and respondent was bound to take notice of the purposes for which the memorandum of exceptions would be used, and none other, namely: "Relied upon in support of defendant's motion for a new trial, duly noticed." If the so-called memorandum of exceptions was to be regarded as having the force and effect of a statement on appeal, then, under the provision of section 5331, the respondent would have been entitled to an opportunity to present such amendments to that

statement as he saw fit, and to have the same passed upon by the trial court.  To now give this instrument the dignity of a statement on appeal would be not only to disregard the specific provisions of the statute, but would be to deprive the respondent of that right which the statute and procedure accorded him.  Respondent was not bound, nor was he even privileged, to submit amendments to a memorandum of exceptions; but if that memorandum of exceptions was to be regarded as a statement on appeal, he should have been so notified by the instrument itself, and if he then failed to present his amendments, he could not complain.

As we have already stated, we can see no good reason or authority for regarding this instrument, designated "Memorandum of Exceptions," in any different light from what it was regarded by the appellant herein and by the trial court prior to the making of the order denying appellant's motion for a new trial.  To serve notice upon a party litigant by the specific terms of an instrument that the instrument itself, as in this case, is to be regarded as a memorandum of exceptions in the court below, and, later, when the instrument is brought to this court, then for the first time to declare that the instrument should have an entirely different significance, would be to not only depart from the specific provisions of the statute providing procedure in matters of appeal, but would be to work an injustice upon the party who might be affected thereby.  In our judgment, a party is estopped, by his own position assumed in the court below, from taking a contrary position here, where certain rights of the opposing parties have thereby been cut off without fault on their part. (*State v. Commissioners of Lander County,* 22 Nev. 75, 35 Pac. 300; 16 Cyc. 796, and cases there cited.)  However reluctant we may be to dismiss an appeal, the jurisdiction of this court can only attach where there has been at least a substantial compliance with those specific provisions of the statute governing matters of appeal.

In view of the fact that, in our judgment, there is no statement on appeal in this case and no bill of exceptions, it follows that there is nothing before this court for review.

Inasmuch as the appeal from the judgment was, by a former decision of this court, dismissed (*Ward* v. *Pittsburg Silver Peak Gold Mining Company, supra*), and there is nothing before this court to review on the appeal from the order denying a new trial, and there is no contention that the judgment roll contains errors, it follows that the order of the lower court in denying appellant's motion for a new trial should be affirmed.

It is so ordered.

## ON REHEARING

By the Court, McCARRAN, J.:

On granting the petition for rehearing in this case, the court made the order:

"That appellant show, by the certificate of the trial judge or by affidavit, subject to counter affidavits upon the part of the respondent, whether the alleged bill of exceptions or memorandum of errors, as the case may be, was settled or allowed by the trial judge in the presence of plaintiff or his counsel, and, if not so settled in the presence of the plaintiff or his counsel, what notice of such settlement or allowance, if any, was given."

Pursuant to this order, appellant filed the certificate of the trial judge, which reads as follows:

"Be it remembered that, on the 26th day of January, A. D. 1914, at the hearing of the motion for a new trial, in the above-entitled cause, counsel for defendant presented to the court a memorandum of errors and exceptions on the hearing of said motion for a new trial, and which said memorandum of errors and exceptions are included in the judgment roll and are numbered 1 to 78, inclusive, the clerk's certificate being added thereto in addition to said pages, and that said memorandum of errors and exceptions were signed on said date on

the hearing of said motion for a new trial, and allowed by the court, but said memorandum of errors was never settled as a bill of exceptions under section 5343, but was presented to the court on the day of the hearing of the motion for a new trial, and after the court asking of counsel for the plaintiff if he had compared the memorandum of errors presented to the court, and the court then and there, at the time of the hearing of the motion for a new trial, allowed and settled said memorandum of errors or exceptions by signing them; that by affixing my signature I then and there intended to both allow and settle the memorandum of errors for the hearing of the motion for a new trial."

The record discloses that the only motion made before the trial court for a new trial was based on that instrument found in the record designated "Memorandum of Exceptions."

The record leading up to the filing of this instrument contains a number of stipulations and orders, each one of which is in the following language:

"Good cause appearing therefor, it is ordered by the court that defendant may have, up to and including the ......day of............, 191...., within which to file and serve memorandum of such errors excepted to as it intends to rely on upon said motion for a new trial," etc.

On the 10th day of January, 1914, the respondent herein, by his attorneys, filed an instrument entitled "Notice of Motion," as follows:

"To Pittsburg Silver Peak Gold Mining Company, a Corporation, and to Samuel Platt and George Martinson, Esqs., Attorneys for the Above-Named Defendant:

"Please take notice that on Saturday, the 17th day of January, 1914, at the courthouse in the City of Reno, County of Washoe, State of Nevada, at the hour of 10 o'clock a. m., or as soon thereafter as counsel can be heard, the above-named plaintiff will move the above-entitled court to strike from the files of said court a certain notice of intention to move for a new trial, heretofore filed by the above-named defendant in the

above-entitled action, and a certain memorandum of errors filed in the office of said clerk of the above-named defendant, on or about the 31st day of October, 1913; and to rescind and set aside the order of the above-entitled court, granting said defendant a stay of execution upon the judgment heretofore entered in the above-entitled action. Said motion will be based upon all the records and files of the above-entitled court.

"Dated this 10th day of January, 1914.

"Dixon and Miller, Attorneys for Plaintiff."

As appears from the record, the motion for a new trial was argued orally before the court by the respective parties, and at the close of the argument was presented to the court for its decision and findings. On the 26th day of January, 1914, the court rendered its decision on the motion for a new trial, denying the motion. Thereafter, and on the 9th day of February, 1914, appellant filed its notice of appeal from the judgment and order denying motion for a new trial, as follows:

"You, and each of you, will please take notice, that the defendant in the above-entitled action hereby appeals to the Supreme Court of the State of Nevada from the judgment therein entered in said district court on the 24th day of May, 1913, in favor of the plaintiff in said action and against said defendant, and from the whole thereof, and also from the order denying said defendant's motion for a new trial made and entered in the minutes of said court on the 26th day of January, 1914."

As stated in our former opinion, there are two methods prescribed by the statute by which an appeal may be brought to this court: The one is by statement on appeal, as prescribed by section 389 of the civil practice act (Rev. Laws, 5331); the other is by bill of exceptions, as prescribed by section 401 of the civil practice act (Rev. Laws, 5343). It is the contention of appellant here that that certain instrument in the record entitled "Memorandum of Exceptions" was, and is, in fact, a

bill of exceptions as contemplated by section 401 of the civil practice act. It is a well-settled rule, which may be supported by any number of authorities, that an instrument cannot serve a purpose in one court or judicial proceeding different from and inconsistent with its function and purpose in another court or proceeding. (16 Cyc. 796, and cases there cited.) Every stipulation extending time, every order extending time, before the presentation of this instrument to the trial court, designated the instrument to be filed and served as a "memorandum of such errors excepted to as it [the defendant] intends to rely on upon said motion for a new trial."

Respondent's notice of motion to strike the memorandum of errors filed by appellant January 10, 1914, prior to the hearing on motion for new trial, was, according to the minutes, considered and determined by the trial court at the same time at which it heard and considered and determined appellant's motion for a new trial. It was pursuant to the order of the trial court denying respondent's motion to strike the memorandum of errors from the files that the court placed his signature on the instrument under the words:

"The within and above exceptions, and each and all of them, are hereby and herewith allowed. Dated.........., 1913."

All the way through the affidavit of counsel for appellant, filed pursuant to the order for diminution of the record, we find that he uses the terms "bill of exceptions" and "memorandum of errors" interchangeably. For instance, he says:

"Affiant further states that during said proceedings on said day (referring to the day on which the motion for a new trial was heard), and immediately after affiant announced to the court that he would like to have the court allow and settle the bill of exceptions or memorandum of errors, affiant handed the bill of exceptions, or memorandum of errors, to Hon. Thomas F. Moran, the then presiding judge in said cause, for

the signature of the said judge as to the allowance and settlement of said bill of exceptions or memorandum of errors and the date thereof; that affiant had theretofore prepared a form of allowance and a separate form for the settlement of said bill of exceptions or memorandum of errors, both of which were attached to said bill and memorandum, and left a blank line under each of said forms for the signature of said district judge; that said district judge signed his signature on the blank line immediately beneath the form for the allowance of said bill or memorandum, but did not insert the date thereof and did not sign upon the blank line immediately following the form for the settlement of said bill or memorandum."

Under our code of civil procedure, providing for new trials and appeals, the terms "bill of exceptions" and "memorandum of errors" are not used, nor intended to be used, interchangeably. The instrument known as a "memorandum of exceptions," provided for by section 5322, Revised Laws, has its place in the proceedings on motion for a new trial; the instrument designated "bill of exceptions," as provided for in section 5343, Revised Laws, performs an entirely different function, and does not belong to the proceedings on motion for a new trial before the trial court, but is made a distinct method of bringing an appeal to this court. A memorandum of exceptions is provided for by statute to have its place in furtherance of a motion for a new trial; a bill of exceptions is provided for by the statute solely as a method of appeal. The function of the former is to draw to the attention of the trial court errors committed by that court during the course of the procedure; the function of the latter is to draw to the attention of the supreme court errors committed by the trial court during the course of the procedure. Not only is it true that the instrument here sought by appellant to have declared a bill of exceptions was entitled a "Memorandum of Exceptions," but it was so

regarded by the learned counsel for appellant in the court below, for it was on this memorandum of exceptions that the motion for a new trial was argued. If counsel for appellant had regarded the instrument which he had entitled "Memorandum of Exceptions" as being a bill of exceptions, no motion for a new trial or proceedings thereunder were necessary or provided for by statute. (Rev. Laws, 5334.)

In the case of *Elder* v. *Frevert,* 18 Nev. 279, 3 Pac. 237, this court held that where the statement on motion for a new trial also purported to be a statement on appeal, and was so treated in the orders extending time for filing a settlement made by the district court, and was filed within the time required by statute for a statement on appeal, it should be considered as a statement on appeal by this court. The very reverse of these conditions is presented by the case at bar. The instrument in question was entitled "Memorandum of Exceptions." The appellant in the court below regarded the instrument as being a memorandum of exceptions, and filed the same, and used it on motion for a new trial only. The certificate of the trial judge negatives the idea that it was used or signed as a bill of exceptions under section 5343, Revised Laws.

In the affidavit made by appellant's counsel, it is again made apparent that the instrument entitled "Memorandum of Exceptions" was, by counsel, used and relied upon in the lower court in furtherance of his motion for a new trial, and not as a bill of exceptions. He says:

"Affiant further states the fact to be that as to the remaining assignments of error set forth in the memorandum of errors or bill of exceptions, he in the main directly called the court's attention to them, and argued as fully as possible affiant's reason for urging them as separate grounds for the motion for a new trial."

As appears from the notice, the appeal is taken: First, from the final judgment; and, second, from the

order of the trial court denying defendant's motion for a new trial. The appeal from the judgment has been, by order of this court, dismissed. (*Ward* v. *Pittsburg Silver Peak Gold Mining Co.,* 37 Nev. 472.) The only appeal now before this court is the appeal from the order denying appellant's motion for a new trial. It is not the contention of appellant that the instrument entitled "Memorandum of Exceptions" is a statement on appeal; indeed, this contention, if made, could not be maintained, inasmuch as it does not, in any wise, comply with the provisions of the statute in that respect. Section 5332, Revised Laws, provides:

"When the appeal is taken both from the judgment and from an order denying a motion for a new trial, there shall be but one statement for both such appeals, which shall embody all errors relied on upon the appeal both from the judgment and from such order, and the time for filing and serving the proposed statement for both such appeals, and also the time for filing and serving the proposed statement on appeal from an order granting a motion for a new trial, shall be the same as the time provided for filing and serving the proposed statement on appeal from the order. The statement on appeal from an order granting or denying a motion for a new trial may contain so much of the evidence admitted or offered, exceptions taken, or proceedings had upon the trial or before or after the trial, as may be necessary to explain the particular errors specified and which were considered or presented upon the hearing of the motion for a new trial."

The appellant in the case at bar moved for a new trial, and based the motion upon the memorandum of exceptions filed. Appellant thereafter gave notice of appeal from the order of the trial court denying motion for a new trial. They came to this court without statement on appeal and without a bill of exceptions. For this court to say that a memorandum of exceptions as provided for by one section of the statute shall take the place of a bill of exceptions as provided for by another

section of the statute, and that the memorandum of exceptions alone shall cause this court to review the action of the trial court in denying a motion for a new trial, made long subsequent to the filing of the memorandum of exceptions, would be judicial legislation most flagrant.

1, 2. We are mindful of that section of our code (Rev. Laws, 5358) which provides

" * * * An appeal shall not be dismissed for any irregularity not affecting the jurisdiction of the court to hear and determine the appeal or affecting the substantial rights of the parties and where any defect or irregularity can be cured by an amendment," etc.

The matter with which we are confronted in the case at bar is one of jurisdiction. As has been stated by this court in numerous decisions, the right of appeal is one regulated by statute; and, where there is a failure on the part of the appellant to at least substantially comply with the provisions of the statute, this court can do naught else than dismiss the matter.

The judgment of the lower court and the order denying appellant's motion for a new trial are affirmed.

It is so ordered.

COLEMAN, J.: I concur.


NORCROSS, C. J., dissenting:

While the question is not altogether free from doubt, nevertheless, when a liberal construction is applied to the provisions of the statute governing appeals (Rev. Laws, 5358), the facts disclosed by the certificate of the trial judge and the affidavits of respective counsel, filed in pursuance of the order for diminution of the record, will justify, in my judgment, a holding that the paper denominated a "Memorandum of Errors," and filed and served as such under Rev. Laws, 5322, may also be regarded as a bill of exceptions under Rev. Laws, 5343.

Counsel for defendant and appellant in this case,

instead of filing and serving a mere memorandum of errors, and relying upon the minutes of the court and the reporter's notes to support the same, obtained numerous extensions of time for the preparation and service of such memorandum until the reporter could make a transcript of the testimony, whereupon he prepared a document of seventy-eight typewritten pages, setting out at length the proceedings of the court relating to each ruling excepted to with reference to the pages of the transcript of the reporter's notes of the proceedings. In both form and substance it was a proposed bill of exceptions, and it contained a blank form for the judge's allowance.

It appears from the reporter's notes of the proceedings that upon the day of the hearing of the motion for a new trial, and just prior to the presentation of such motion, counsel for defendant informed the court that no amendments had been filed to "this bill of exceptions," and requested the judge to "allow and settle the bill of exceptions," to which request counsel for plaintiff interposed no objection, but merely stated, "I have never made any amendments, any memorandum of errors, Mr. Platt is having filed." Whereupon the judge signed the appended certificate, "The within and above exceptions, and each and all of them, are hereby and herewith allowed."

This brings us to a consideration of the question whether we now have in fact and in law a bill of exceptions within the provisions of section 401 of the practice act (Rev. Laws, 5343). In my judgment, there has been a substantial compliance with the provisions of the section. In form and substance a proposed bill of exceptions, embodying "sufficient facts to show the point of pertinency of the exceptions taken," was presented to the judge "during the progress of the cause, * * * after judgment" in the presence of the attorney for the opposing party, and the same was signed

by the judge, allowing each and all of the exceptions thus embodied. The statute makes such bill of exceptions "a part of the record," and gives to an aggrieved party a right of appeal, not only from the judgment, but "any appealable order without further statement."

The fact that the certificate of the trial judge, recently filed in pursuance of the order for diminution of the record, recites that "said memorandum of errors was never settled as a bill of exceptions under section 5343" is, I think, immaterial. (37 Nev. 470, 472, 143 Pac. 119.) What purpose the judge may have had in mind could not affect the fact that he did allow the exceptions. He could not have intended to allow and settle this memorandum of errors "for the hearing of the motion for a new trial" without intending to "sign the same as the truth of the case may be." For the purposes of the motion for a new trial no such settlement or signing of the same by the judge was required.

The case of *Peterson* v. *Pittsburg Silver Peak G. M. Co.,* 37 Nev. 117, 140 Pac. 519, is, I think, conclusive upon the merits of the case.


## ON APPLICATION TO FILE PETITION FOR SECOND REHEARING

By the Court, McCARRAN, J.:

Since the rendition and filing of the opinion of this court on rehearing in the above-entitled case, an application has been made by appellant to be permitted to file a petition for second rehearing, and we are confronted with the question as to whether appellant is entitled to file such petition as a matter of right.

In the case of *Trench* v. *Strong,* 4 Nev. 87, this court held that it would be a mischievous practice to sanction the filing of a second petition for rehearing, and that the same should not be permitted except to correct a palpable error and grievous wrong.

Counsel for the appellant urges, in view of the fact that its first petition for rehearing was granted and that an opinion was written and filed by this court on that petition for rehearing, that therefore it should be permitted to file a second petition for rehearing based on the opinion of this court.

In the case of *Brandon* v. *West,* 29 Nev. 141, this court forcibly asserted the rule that a second application for the rehearing of a cause by the same party, after his petition for rehearing has been denied, will not be entertained. If there is reason for this rule where a petition has been denied, and, in our judgment, the reason is abundant, then, as we view it, there is equal, if not more, reason for the rule applying where a first petition for rehearing has been granted and all the matters therein set up have been considered by the court.

As asserted by this court in the case of *Brandon* v. *West, supra,* the court undoubtedly has the right to correct clerical mistakes or some error apparent on the record, such as might occur by inadvertence, oversight, or mistake; but such is not the case here, nor is it within the contention of appellant.

The granting of a petition for a second rehearing not based upon clerical mistake or apparent, palpable, injurious error is so liable to open the door to interminable proceedings that the rule asserted by this court in *Brandon* v. *West, supra,* should not be relaxed or modified.

Supporting the rule asserted by this court in the case of *Brandon* v. *West, supra,* are the more recent cases cited in 1913 Annotations of Cyc., page 294, to wit: *Laathe* v. *Thomas,* 233 Ill. 430, 84 N. E. 481; *Lavert* v. *Berthelot,* 127 La. 1004, 54 South. 329; *Nelson* v. *Hunter,* 145 N. C. 334, 59 S. E. 116.

In the case of *Marion Light and Heating Co.* v. *Vermillion,* 100 N. E. 100, the Appellate Court of Indiana, in a matter quite analogous to that presented here, held that where there was no statute or rule of practice

or rule of court authorizing the same party in the same case to file more than one petition for rehearing; the overruling of the first petition for a rehearing exhausted the appellant's remedy in that court.

We are referred to the case of *Roth et al.* v. *Murray,* 141 S. W. 515. This case, however, cannot, as we view it, be considered as supporting the contention of appellant herein. The second motion for rehearing in that case was based upon errors in matters decided in the second opinion which were different from those decided in the first opinion. The reason, as well as the matter presented there, was such as differentiate that case from the matter at bar.

The petition will not be entertained.